EDWARD KELLY et al., Appellants, *v.* FRANCES A. GEER, Respondent.

(Argued February 3, 1886; decided March 2, 1886.)

THIS action was upon a covenant in a deed from plaintiff to defendant, who was a married woman, and her son, Harvey M. Geer; it was embodied in the *habendum* clause in the deed, of which the following is a copy:

"To have and to hold the above granted premises unto the said Frances A. Geer, for and during the minority of her son, Harvey M. Geer, and until the said Harvey M. Geer shall ar-

rive at the age of twenty-one years, and unto the said Harvey M. Geer, and his heirs, to his and their own use in case he shall arrive at the full age of twenty-one, but in case the said Harvey M. Geer shall decease before he arrives at the age of twenty-one years, then unto the said Frances A. Geer and her heirs and assigns, to their own use forever, subject, nevertheless, to a mortgage made by the parties of the first part, to Alfred B. Nash, for the sum of $3,500, which the party of the second part assumes and agrees to pay as part of the consideration money."

The defendant, after her son became of age, joined with him in a deed of the land to one Murphy.

The following is the *mem.* of opinion :

" The only asserted basis of defendant's liability upon the assumption clause in the deed is the fact of her joining at a later period in a conveyance of the property to Murphy. It is abundantly proved that her husband, without authority from her, and without her knowledge, took the deed in her name as grantee with a covenant contained in it to pay the outstanding incumbrance. Her liability could only spring from an acceptance of that deed, evincing her consent to an adoption of the covenant contained in it; but the finding is that she never accepted the deed and had no knowledge of its existence until at least the date of the deed to Murphy, and at that date had no knowledge of the contents of the conveyance to her. The proof of these facts is made more probable by the further fact that the real grantee was her son, who advanced the purchase-money, but, being a minor at the time, assented to the arrangement which joined his mother with him as grantee, but limited her title to his minority. It is easy to see how this might have been done without authority or knowledge of the defendant, since the real aim of the transaction was a purchase by the son and for his own use. He reaped the entire benefit of the transaction, as it was undoubtedly intended that he should ; collected and received all the rents and profits ; and at his majority became sole and absolute owner. Outside of the one act of the defendant in joining with her son in his conveyance to Murphy, she was entirely free from any act or word of assent

which could make the unauthorized covenant her own. Her signature to that conveyance is thus the sole fact upon which the liability asserted can be based. That cannot affect her upon the ground of ratification, for the proof shows her entire ignorance of the contents of the deed to her, or the existence of any covenant whatever. It is argued that when asked to join with her son in the deed to Murphy she must have known that some title or right was supposed to have been vested in her, and so she must have inferred the existence of a deed to her. That may be, but was hardly a necessary inference which we ought to say she must have drawn ; and at all events the inference falls short of any conscious ratification of a covenant of which he had no knowledge, and which as an element of her action or a subject for her consideration did not exist. This view of the case is met by the appellant's contention that she was bound to know and so must be charged with knowledge upon the principle that one cannot take the benefit of a contract and at the same time repudiate it and the agency by which it was effected. But the defendant took no benefit from the contract. She received none of its fruits. She had no title of any sort when she joined in the deed to Murphy ; received nothing for her signature which was needless ; and simply quit-claimed a right which she did not have for the satisfaction of the purchaser. She stood, on that day, a total stranger to the title. If she had then been informed that she was named as grantee in the deed to her son, and that it contained a covenant to pay the outstanding mortgage, she could have done no more than barely to repudiate the unauthorized covenant. She could not have conveyed back to the vendors, for time had vested the complete and absolute title in her son, and she had nothing to convey. She could return nothing to the vendors and could take nothing from them, by joining in the deed to Murphy. That act neither benefited her nor harmed her vendors, and was purely formal, without practical consequences in either direction. We think it was properly held that she incurred no liability.

" The judgment should be affirmed, with costs."

*Charles E. Patterson* for appellants.

*Henry A. Merritt* for respondent.

FINCH, J., reads for affirmance.
All concur.
Judgment affirmed.