JAMES BLASS and ANNA B. FULLER, as Executrix, etc., of JOHN W. FULLER, Deceased, Respondents, *v.* GEORGEANNA B. S. TERRY, Appellant, Impleaded with SARAH L. SCHOFIELD.

*Deed — delivery and acceptance — foreclosure of a mortgage — grantees in this State who have assumed the mortgage not liable for a deficiency adjudged to exist by the judgment in a foreign State — default of the mortgagor, the grantor, no defense to the grantee.*

The delivery and acceptance of a deed are essential to its validity. The record of the deed is only *prima facie* evidence of delivery and acceptance.

Where a clause in a deed, purporting to create an assumption of a mortgage by the grantees, is inserted without their knowledge and is not subsequently in some manner approved by them, the grantees are not charged with any liability thereby.

Where the premises in question are situated in another State and the mortgage is there foreclosed, the grantees, residents of this State, liable upon an assumption clause, cannot be charged in the action in the foreign State with a deficiency when they have not been personally served with process.

The proceeding is as to them *in rem*, and a judgment in the foreign State charging them with a deficiency would be a nullity.

Where a grantee assumes and agrees to pay half of a mortgage, and the grantor agrees to pay the balance, the default of the grantor (original mortgagor) to make payment of the part of the debt agreed to be paid by him is not a defense to the grantee.

APPEAL by the defendant, Georgeanna B. S. Terry, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Erie on the 29th day of April, 1894, upon the verdict of a jury rendered after a trial at the Erie Circuit, and also from an order entered in said clerk's office on the 7th day of June, 1894, denying her motion for a new trial made upon the minutes.

On August 24, 1887, Cornelius C. Howell made to John W. Fuller and James Blass a mortgage upon certain land in Lucas county, Ohio, to secure the payment of his three promissory notes of that date respectively for the sums of $1,500, $3,750 and $3,750, payable respectively August 24, 1887, 1888 and 1889. Howell made to Georgeanna B. S. Terry and Sarah L. Schofield a deed of the undivided half of such land. Following the granting provision of the deed was the following : " I hereby covenanting that the title so conveyed is clear, free and unincumbered, and that I will warrant and defend the same against all claims whatsoever, it being understood and agreed that the grantees herein, Georgeanna B. S. Terry and Sarah L. Scofield, as part of the purchase price herein, assume and agree to pay thirty-seven hundred and fifty dollars ($3750) of the mortgage incumbrance on the above-described property, together with the interest thereon ; the balance of said incumbrance is to be paid by the grantor, Cornelius C. Howell, herein, and the covenant of warranty herein on his part extends, so far as said mortgage is concerned, only to the half of said mortgage which is to be paid by him, the said Howell."

In an action for the foreclosure of the mortgage a decree was perfected in the Court of Common Pleas of Lucas county, Ohio, June 18, 1889, by which it was determined that there was then due and unpaid on the mortgage debt $7,865.63, and a sale of the premises was directed. They were sold on August 31, 1889, for $4,200, leaving a deficiency of $3,965.28. This action was brought against those grantees in the deed to recover the amount of such deficiency with which they were alleged to have become chargeable.

The defendant Terry alone defended.

*Charles A. Pooley*, for the appellant.

*L. L. Lewis, Jr.*, for the respondents.

BRADLEY, J.:

On the motion for nonsuit the defendant's counsel sought to raise the question that the action could not be maintained in behalf of Anna B. Fuller as executrix because her appointment as such was only by an order of the Probate Court of Lucas county, Ohio, and it is so urged here. The fact that she was appointed by the order of that court appears upon the face of the complaint. The defendant at first took the objection by demurrer that she had not legal capacity to sue, but it appears that before the trial the objection thus taken was waived. It, therefore, is not available on this review.

It is insisted that the deed was not delivered to or accepted by the grantees named in it; that they never consented to assume liability to pay any portion of the mortgage debt, and that the clause to that effect in the deed was inserted without any permission on their part. The delivery and acceptance of a deed are essential to its validity. The record of it is only *prima facie* evidence that it has been delivered and accepted and may be rebutted. The deed was recorded in the county where the land was situated. There is no evidence, other than such as may be derived from inference, that the deed came to the hands of the grantees or of their husbands, who transacted the business in the names of their wives with the grantor, in relation to the land. There is, however, evidence tending to prove that the purchase was made in the names of Mrs. Terry and Mrs. Schofield, and that they understood that it was done, and that a conveyance of the land was to be made to them. But it does not appear by whom the deed was taken or transmitted to the county recorder for record. If, however, the clause in the deed, purporting to create an assumption on the part of the grantees of payment of a portion of the money secured by the mortgage, was inserted in the deed without their knowledge or consent, and not in some sense approved by them, they did not become charged with liability by it. (*Kilmer* v. *Smith*, 77 N. Y. 226; *Dey Ermand* v. *Chamberlin*, 88 id. 658; *Kelly* v. *Geer*, 101 id. 664.) The defendant Terry and her husband testified to the effect that the assumption clause was put into the deed without their knowledge or consent, and that they never were advised of it until this action was commenced. There is evidence tending to prove that the deed when and as drawn was read over in the pres-

ence of Mr. Terry, who conducted the business of the purchase for and in the name of his wife, and there was some other evidence bearing upon the subject of his knowledge in that respect. The question, therefore, whether or not the defendant Terry was chargeable with knowledge of such assumption clause and with having assented to it, was one of fact. No request was made to submit any question to the jury. At the close of the evidence the counsel for each of the parties requested the direction of a verdict. By so doing and by not asking it they waived the right to have any question submitted to the jury, and treated the evidence as presenting only questions of law. Thereupon the court in directing the verdict must be deemed to have determined the questions of fact against the defendant. (*Koehler* v. *Adler*, 78 N. Y. 287 ; *Kirtz* v. *Peck*, 113 id. 222.)

The defendants' counsel objected to the introduction in evidence of the judgment roll in the foreclosure action, and it is also insisted that as there was no allegation in the petition in that action charging Mrs. Terry and Mrs. Schofield with liability, and the judgment for the deficiency was against Howell, the mortgagor, they cannot be charged with it. Assuming that the judgment was not legitimately evidence against the defendant she was not prejudiced by it. The assumption clause in the deed purported to create a liability of the grantees to the extent of $3,750, and interest. This would have been the apparent situation presented if the judgment roll, including the sheriff's certificate of sale, had not been introduced, This reduced the amount of their liability so far as the proceeds of the sale were applicable to it. As these grantees were not residents of the State of Ohio, nor personally served with process in that State in the foreclosure action, it was as against them a mere proceeding *in rem*, and they could not be personally charged by any judgment which might be rendered in it against them. It would in that respect have been a nullity.

There was, therefore, neither occasion nor propriety in seeking in that suit, by allegation of their liability upon the assumption clause, to charge them personally upon it by the decree. In that respect the mortgagor alone was there chargeable and charged with the deficiency, between whom and the plaintiffs he was liable for the entire amount of it. The defendants were at liberty to prove that

the amount due and unpaid on the mortgage debt was less than that adjudged by the decree against Howell, the mortgagor, or to prove that the deficiency was less than the amount appearing by the record of the decree, and of its execution in that action. And defenses existing against Howell were available to the defendants as against the plaintiffs in so far as they rested in fraud in inducing the grantees to make the purchase and take the conveyance, or in a want of title in him to convey by the deed, or the failure of consideration for the assumption of liability to pay such portion of the mortgage debt. (*Dunning* v. *Leavitt*, 85 N. Y. 35; *Crowe* v. *Lewin*, 95 id. 423; *Loeb* v. *Willis*, 100 id. 231.) But the contention that, in view of his covenant in the deed, the default in payment by the grantor of the part of the mortgage debt for him to pay constitutes a defense for the defendant, cannot be sustained.

The only other question requiring consideration has relation to the amount of recovery.

The defendant and Mrs. Schofield had title to an undivided half of the land subject to the mortgage. They assumed by the clause of the deed the payment of $3,750 of the mortgage debt. At the time of the foreclosure the amount remaining unpaid was in the two notes of the mortgagor of $3,750 each, and the amount by the decree adjudged unpaid was $7,865.63, with interest at the rate of six per cent from June 17, 1889.

The sale August 31, 1889, produced the net sum of $3,997.35 to apply, and it was applied on the mortgage debt. The deficiency was ($7,865.63 and interest from June 17 to August 31, 1889 [$97], less $3,997.35, the net proceeds of the sale) $3,965.28.

The sale was made of the mortgaged premises as an entirety. Half of the proceeds was the product of the undivided half to which the defendant and Mrs. Schofield had the title, and they were liable for only one-half the mortgage debt then unpaid: They were, therefore, entitled to the benefit of one-half of the proceeds of the sale applicable to the reduction of the mortgage debt. Such portion in legal contemplation as well as in fact was paid from their share of the property. The trial was had April 26, 1894, and the verdict was for $4,949.36. The judgment should be reversed and a new trial granted, costs to abide the event, unless the plaintiffs stipulate to reduce the recovery exclusive of costs to $2,536.08, and in

that event the judgment be so modified, and as modified affirmed, without costs of this appeal to either party.

DWIGHT, P. J., LEWIS and WARD, JJ., concurred.