[No. 12559.   Department Two.   January 12, 1916.]

S. K. PAINTER et al., *Plaintiffs and Respondents*, v. E. J.
KENNEDY et al., *Cross-Complainants and Respondents*,
J. A. MACAULEY et al., *Defendants and Respond-*
*ents*, GRANT COUNTY BANK, *Defendant and*
*Appellant*.[1]

MORTGAGES—ASSUMPTION OF MORTGAGE—DEED TO AGENT—EFFECT—
MERGER BY DEED. Where mortgaged premises were traded by the
mortgagors to one who assumed payment of the mortgage, and
deeded to a bank as an agent, the bank is not liable on the assump-
tion of the mortgage from the fact that the deed was taken in its
name, where it did not agree to assume the mortgage; since such a
promise is not merged in the deed, but is independent of it.

TRIAL—OPENING CASE—NEW ISSUES—CROSS-COMPLAINT—DILIGENCE
—DISCRETION OF COURT—JUDGMENT—RES JUDICATA.   It is not an
abuse of discretion in a mortgage foreclosure suit, for the trial court,
after trial and announcement of the judgment, to refuse leave to a
defendant to file a cross-complaint against a codefendant for the pur-
pose of establishing a liability for the amount of a deficiency judg-
ment upon an alleged assumption of the mortgage; since there was
lack of diligence, and the foreclosure decree does not prejudice the
right to establish the liability in an independent action.

Appeal from a judgment of the superior court for Sno-
homish county, Alston, J., entered August 27, 1914, upon
findings in favor of the plaintiffs, in an action to foreclose
a mortgage, tried to the court.   Reversed as to the appeal
of Grant County Bank; affirmed as to the appeal of Bell.

*John Sandidge*, for appellant Bell.

*William M. Clapp* and *Earl W. Husted* (*Troy & Sturde-*
*vant*, of counsel), for appellant Grant County Bank.

*Herr, Bayley & Wilson* and *Carl E. Croson*, for respond-
ents Kennedy et al.

FULLERTON, J.—On November 27, 1911, the defendants
Kennedy and wife borrowed from the respondent S. K. Paint-

[1]Reported in 154 Pac. 161.

er the sum of $1,500, securing the same by mortgage on certain real property situated in Snohomish county. Subsequently, Kennedy and wife mortgaged the premises to other parties to secure their several obligations, the total face value of all of the mortgages aggregating, on December 28, 1912, some $4,335. On the day last mentioned, Kennedy and wife exchanged the property for certain property of one E. C. Davis situated in Grant county. Davis was then president of the appellant Grant County Bank, and the deed from Kennedy and wife of the Snohomish county property was made to the bank. There was also a mortgage on the Grant county property, and the deeds as exchanged severally recited that it was made subject to the incumbrances on the property therein described. There was no recital in either deed that the grantee therein assumed the incumbrances.

On January 5, 1914, the respondent Painter, his wife joining therein, brought the present action to foreclose the mortgage executed to him by Kennedy and wife. In his complaint, he made parties defendant the original mortgagees, the subsequent lien holders, and the Grant County Bank. In the complaint as originally filed, he asked for a deficiency judgment against all of the defendants, but subsequently filed a supplemental pleading disclaiming a right to a deficiency judgment against any of the defendants other than the mortgagors. The bank thereupon made no answer to the complaint.

On February 20, 1914, the defendants Kennedy and wife filed a cross-complaint in the action, in which they alleged that the bank, in consideration of the exchange of the properties before mentioned, assumed and agreed to pay all of the incumbrances on the Snohomish county property existing at the time of such transfer, and thereby became liable to the original and cross-complainants for the payment of the original indebtedness, and consequently liable to the cross-complainants for any deficiency which might be chargeable after the foreclosure sale. The cross-complaint was served on the

bank, and it made answer thereto by a general denial, and by an affirmative plea to the effect that the actual purchaser of the property was one E. J. Duffey, and that it took the legal title to the property as security for certain notes executed and delivered to it by Duffey, and for no other purpose.

On the issues framed between Kennedy and the bank, a trial was had, resulting in findings to the effect that the bank had assumed and agreed to pay the incumbrances on the property conveyed to it, and in a decree to the effect that the plaintiffs recover over against the bank for any deficiency that may remain after the sale of the mortgaged property. From this decree, the Grant County Bank appeals.

After the trial of the issues between the defendants Kennedy and the Grant County Bank had been concluded, and after the court had announced its judgment therein, one Ralph C. Bell, as trustee, who was made defendant in the original action, filed an answer and cross-complaint, serving it upon Kennedy and wife and the Grant County Bank with an original summons, seeking a foreclosure of certain of the junior mortgages and a sale of the property thereunder. A deficiency judgment was also sought against the bank for any deficiency that should remain after the sale of the mortgaged premises and the application of the proceeds of the sale properly applicable thereto in payment of the amount due on the junior mortgages. The bank moved to strike this complaint as coming too late, which motion the trial court granted. Bell appeals from the order evidencing the ruling of the court upon the motion.

Noticing first the appeal of the Grant County Bank, we are unable to find anything in the record upon which the judgment against it can rest. It was testified by both Davis and Kennedy that the property in Grant county, given in exchange for the property conveyed to the bank, was the property of Davis, and that all of the negotiations leading up to the exchange were had between Davis and Kennedy and their representatives. Davis denied that a promise to

assume the incumbrances was made by any person. Kennedy testified that the promise was made by Davis, but even he does not say that Davis made the promise for or as the representative of the bank. In fact, nowhere in the record, in so far as we can discover, was the bank's name mentioned in the transaction until all of the negotiations were concluded and nothing remained to be done but execute and deliver the deeds. If the fact be that Davis promised to assume the incumbrances and then caused the deed to run in the name of the bank, it would not of itself create a liability on the part of the bank to redeem the promise. Such a promise does not become merged in the deed and thereby bind the person to whom it is executed. Indeed, it is only on the principle that such a promise "is not merged in the deed, and is not contradictory but independent of it," that it can be enforced at all. *Ordway v. Downey*, 18 Wash. 412, 51 Pac. 1047, 52 Pac. 228, 63 Am. St. 892. The bank can be held only in the case that it promised to pay the incumbrances. It stands, therefore, in so far as the record discloses, precisely in the position it would have stood had the property been originally conveyed to Davis and by Davis subsequently conveyed to it. We conclude, therefore, that the court was in error in entering a deficiency judgment against the Grant County Bank.

On the appeal of the defendant Bell, we do not feel inclined to disturb the order of the court. Whether the court would permit the defendant at that late day to come into the case was a matter largely within its discretion, and this court is not authorized to disturb its order unless it plainly appears that there was an abuse of such discretion. We cannot so find. While it is true no formal default had been entered against the defendant, yet he was so far negligent that to grant his request would compel the court to try the action anew. Moreover, the answer and cross-complaint discloses that its chief purpose is to charge the Grant County Bank with the payment of the mortgages. If the bank is liable for their payment, recovery can be had in an independ-

ent action.    The order is not *res judicata* of any right the appellant may have in that respect.

The judgment is reversed on the appeal of the Grant County Bank, and the cause remanded with instructions to so modify it as to relieve the bank from any personal liability for the obligations mentioned in the plaintiffs' complaint. On the appeal of Bell, it is affirmed.

MORRIS, C. J., ELLIS, and CHADWICK, JJ., concur.