STACEY FRUIT COMPANY, Appellee, v. J. D. SKETCHLEY, Appellant.

**APPEAL AND ERROR:** Harmless Error—Refusal to Divide Blended
1    Claims. It is not reversible error for the court to refuse to require
plaintiff to divide into counts his blended claims: (1) That defend-
ant was the *owner* of the store to which the goods were sold; and
(2) that, if defendant was not such owner, he had held himself
out as such owner, and was, therefore, estopped to deny such owner-
ship.

**ESTOPPEL:** Pleading—Sufficiency of Allegation. Pleading construed,
2    and held to plead, in effect, that the facts constituting an estoppel
had been *relied* on.

**PLEADING:** Pleading According to Legal Effect. An allegation that
3    plaintiff sold and delivered goods to defendant justifies the admis-
sion of testimony that defendant had so held himself out and con-
ducted himself that he was estopped to deny that he was the pur-
chaser.

**SET-OFF AND COUNTERCLAIM:** Belated Presentation. A counter-
4    claim which is not pleaded until the close of plaintiff's evidence
may very properly be stricken.

*Appeal from Hamilton District Court.*—R. M. WRIGHT, Judge.

### JUNE 25, 1921.

#### REHEARING DENIED OCTOBER 1, 1921.

ACTION on account, for goods claimed to have been sold and
delivered to defendant. Verdict for plaintiff, and judgment
thereon. Defendant appeals. Facts in the opinion.—*Affirmed.*

*Martin & Alexander,* for appellant.

*C. A. Bryant, Price & Burnquist,* and *Burnstedt & Heming-
way,* for appellee.

ARTHUR, J.—Plaintiff is a wholesale fruit house, located at
Fort Dodge. Plaintiff alleges that, through its representative,

O. L. Stenshoel, it sold and delivered to defendant, through his

1. APPEAL AND
ERROR: harm-
less error: re-
fusal to divide
blended claims.

agent or representative, T. B. Kearns, the goods mentioned in the account sued on. T. B. Kearns conducted the grocery store in Webster City into which the goods furnished by plaintiff went. Plaintiff sought to hold defendant liable: (1) Because defendant was the owner of the store; and (2) because, if it should appear that defendant was not, in fact, the owner of the store, he was liable because he had held himself out as the owner and proprietor of the store where the orders for the goods were taken.

Defendant denied the indebtedness; denied that he was the owner of the store where the goods were delivered; and denied that he had held himself out to plaintiff or to the public as such owner.

In its petition, in connection with the allegation that defendant held himself out as the owner of the store, and in the operation and management of the store was assisted by T. B. Kearns, plaintiff alleged that, to the "knowledge of the defendant, Sketchley, all of said goods were sold upon the faith and credit of the said Sketchley;" that, to the knowledge of Sketchley, the goods were shipped and consigned to Sketchley, and delivered at his store; and that defendant was thereby estopped from denying that he was, in fact, the owner of the store, or from denying that he was indebted to plaintiff for the goods delivered to the store. Before answering, defendant attacked the petition by motion for more specific statement, and to strike portions of it. Five of the numerous assignments of error are directed to the rulings on these motions. The motion for more specific statement was sustained, so far as to require the plaintiff to state whether or not the contract was in writing, and who plaintiff claimed was its agent in selling the goods. Plaintiff complied with the ruling by stating that the contract was not in writing, and that its agent was O. L. Stenshoel. The motion was otherwise overruled.

Defendant assigns as error the overruling of his motion to strike the allegations in petition that defendant held himself out as the owner of the store, and the pleading of estoppel. Defendant further complains that plaintiff was not required to set out more specifically facts of estoppel, and that the court

refused to require plaintiff to separate the petition into two counts, by setting out in one count its claim against defendant, based on defendant's being the owner of the store, and in the other count, ground for recovery which was not based on contract, but on the alleged estoppel, together with specific statement of facts constituting alleged estoppel. We think there is no error—at least, no reversible error—in the rulings complained of. As we understand the contention of defendant's counsel, it is that plaintiff predicates its right to recovery upon two separate and distinct causes of action:

(1)    Upon the ownership by appellant of the stock of groceries, and liability for goods purchased.

(2)    Although not the owner of the stock of goods, defendant so conducted himself as to induce plaintiff to believe that he was the owner, and consequently became liable because of the estoppel thus raised.

Counsel contends that these two grounds are incompatible, and that they should at least have been set forth in separate counts, and that refusal to require them to be so set forth was erroneous, principally because the petition, as it stood, could not be attacked by demurrer, as some of the allegations, especially as to ownership, were good, and could not be admitted by demurrer. But if the motion to separate into counts had been sustained, then the alleged estoppel could have been eliminated by successful attack by demurrer, and for this reason, the motion to separate should have been sustained. It would, perhaps, have been better control of pleading to have required separation into counts, as requested by defendant. But refusal to do so is not reversible error.

Appellant's counsel especially urge that the plea of estoppel in plaintiff's petition was fatally defective, because it did not allege that the plaintiff *relied* upon the facts pleaded as the alleged estoppel. We think that sufficient for that purpose is the language of the petition that, to the "knowledge of the defendant, Sketchley, all of said goods were sold upon the faith and credit of the said Sketchley."

2. ESTOPPEL: pleading: sufficiency of allegation.

The basis of plaintiff's demand consists of the claimed oral contracts of sale made to the defendant, and delivery of the

goods to the defendant in accordance therewith. Plaintiff's
right of recovery rests on these matters. It is
3. PLEADING:
pleading accord-    not, in a correct sense, the proof of estoppel
ing to legal
effect.    which makes out the right of recovery: such goes
merely to proving that there was a contract of purchase and sale
of the goods. All the facts alleged as constituting estoppel could
have been proven under the preceding allegations of contract
of sale and delivery of the goods. *Seevers v. Cleveland Coal Co.,*
158 Iowa 574; *Long v. Osborn,* 91 Iowa 160.

Defendant complains because his counterclaim, which was
filed after plaintiff had rested its case, wherein defendant al-
leged that, by a mistake, he had paid to plaintiff the sum of $150,
was stricken. Defendant alleged this as an inde-
4. SET-OFF AND
COUNTERCLAIM:    pendent cause of action. Since it came as late as
belated
presentation.    it did, we think it was not an abuse of discretion
to sustain the motion to strike. The $150 payment, which was
the basis of the counterclaim, had been credited on the account
sued on. If the verdict of the jury is to be sustained, the coun-
terclaim would have been unavailing to defendant, if allowed
to stand.

Defendant complains that, at the close of all the evidence,
his motion to direct a verdict in his favor was overruled, the
ground of said motion being that the authority of T. B. Kearns
to bind the defendant was not shown; that the undisputed
evidence expressly negatived the authority of Kearns to bind
the defendant; and that the plaintiff failed by any competent
evidence to establish the account declared on. Certainly, there
was such conflict in the evidence as to the authority of Kearns
to bind the defendant to pay for the goods mentioned in the
account that the court could not say, as a matter of law, that
Kearns had no authority to bind the defendant; and it was not
error to overrule the motion on that ground. Neither could
the court say, as a matter of law, that the account was not
established. These were questions of fact, for the jury to de-
termine, under proper instructions.

In instructions, the court placed the burden on plaintiff
to establish that the goods mentioned in the account sued on
were sold and delivered to defendant through his agent or
representative, T. B. Kearns, or that the goods were sold and

delivered to Kearns under such facts and circumstances as would estop defendant to deny his liability therefor, and clearly stated the contention of defendant, that the goods carried in the store, to the replenishing of which, from time to time, the purchases from the plaintiff were made, were owned by Kearns, and not by defendant; and that the goods mentioned in plaintiff's account sued on, though shipped in the name of Sketchley, were not purchased by him, but were sold to and purchased by Kearns, and not by defendant; and that the goods, though received and placed in the store of defendant, were so placed there without the knowledge or consent of defendant; and that Kearns had no authority from defendant to act for him in purchasing the goods from the plaintiff.

The jury was further instructed that, if it found that defendant actually owned the stock of goods at the time the purchases from plaintiff were made, and that Kearns was the manager or business agent of the defendant in operating the store, and defendant allowed Kearns to make such purchases in his name, in the customary way of running the store, then defendant would be liable for the value of the goods bought and delivered at the store. The jury was further instructed that, even though it found that the stock of goods in the store did not belong to defendant, and that Kearns was not acting for him, but that Kearns owned the stock, still it would be warranted in finding in favor of the plaintiff, if it was established by the evidence that Sketchley knew that Kearns was buying goods from plaintiff by the use of his (defendant's) name, and that plaintiff honestly believed that defendant was the owner of the stock of goods, and that he was making purchases from plaintiff through his agent or representative, Kearns, and that, in selling the goods, plaintiff relied upon the belief that it was selling the goods to defendant, and that it would not have sold and delivered such goods, but for such reliance; and that, if such matters had been established by a preponderance of the evidence, the defendant would be estopped to deny his liability, and plaintiff would be entitled to recover the value of the goods that had not been paid for, which it shipped to defendant and delivered at his store.

Defendant's claim that the account sued on was not proven

by competent testimony, is without merit. Defendant's criticisms in argument of assignments of error are technical. We think defendant was not deprived of a fair trial in any particular complained of. Instructions to the jury were free from error. We find no reason to disturb the verdict and judgment, and affirm.—*Affirmed.*

EVANS, C. J., STEVENS and FAVILLE, JJ., concur.