Frank C. Nissen, Appellant, v. E. M. Sabin et al., Appellees.

**EVIDENCE:** Parol as Affecting Writings—Oral Contradiction of Mortgage-assumption Clause. One who contracts for and receives a deed to land, and in both instances assumes payment of an existing mortgage on the land, may wholly avoid such apparent obligation, as regards the *mortgagee*, by oral testimony—the rule against contradicting written instruments by parol evidence to the contrary notwithstanding—to the effect that he never had any interest in the land, and without consideration therefor contracted for and received a deed, and conveyed the land simply as a matter of convenience for the real owner. (See Book of Anno., Vol. 1, Sec. 12376, Anno. 18 *et seq.*)

**PRINCIPAL AND AGENT:** Undisclosed Agency—Liability of Agent—Non-applicability of Rule. The rule that an agent binds himself by acting in his own name for an undisclosed principal may not be invoked by one who is an entire stranger to the contract.

**REFORMATION OF INSTRUMENTS:** In General—Non-necessity to Reform. No necessity exists for reforming a written instrument when the party thereto has a legal right to orally contradict it because his controversy is with a stranger to the instrument.

Headnote 1: 22 C. J. pp. 1259, 1293, 1294. Headnote 2: 2 C. J. p. 841 (Anno.) Headnote 3: 34 Cyc. p. 906.

Headnote 1: 17 L. R. A. 272; 10 R. C. L. 1033. Headnote 3: 23 R. C. L. 312.

*Appeal from Linn District Court.*—Atherton B. Clark, Judge.

Febru003ary 8, 1927.

In an action to foreclose a real estate mortgage, plaintiff asked judgment against the mortgagor's grantee on an assumption clause in the deed to him. The decree denied such relief, and the plaintiff appeals.—*Affirmed.*

*Barnes, Chamberlain, Hanzlik & Thompson,* for appellant.

*Johnson, Donnelly & Lynch,* for appellee.

Vermilion, J.—The defendants E. M. and Jennie E. Sabin executed the mortgage in question to the appellant, to secure

their notes in the sum of $13,000. Thereafter, E. M. Sabin
entered into a written contract with E. W.
Dennstedt for the sale of the mortgaged prem-
ises to the latter, who, in the contract, assumed
payment of the mortgage. The conveyance of
the land in pursuance of this contract was made
by the Sabins to the appellee A. L. Dennstedt by warranty deed,
in which the grantee assumed and agreed to pay the mortgage.
The appellee subsequently conveyed the land to the defendant
Curley by a deed in which the grantee also assumed payment
of the mortgage. Judgment for the amount due under the mort-
gage was asked against the mortgagors and against the appellee
and Curley on the assumption clauses in the respective convey-
ances to them. The relief prayed was denied as against the
appellee, and it is from this judgment that the plaintiff appeals.

1. EVIDENCE: parol as affecting writings; oral contradiction of mortgage-assumption clause.

The appellee claimed, and, subject to objection, introduced
parol evidence to show, that the Dennstedt Land Company, a
corporation, was the real purchaser of the land from Sabin; that
the contract therefor was made in the name of E. W. Dennstedt,
and the deed taken in the name of appellee as a mere matter of
convenience; that the latter had no interest in the land and
received no consideration for the agreement in the deed to as-
sume and pay the mortgage; that the corporation contracted to
sell the land to Curley, and he executed a conveyance thereof in
pursuance of such contract; and that he received no part of the
consideration therefor. There is no contradiction of this testi-
mony. The only question upon which the testimony is in con-
flict is as to whether Sabin had knowledge that the corporation
was the real purchaser of the land. The controversy is over the
competency of the evidence and its sufficiency to relieve appellee
from liability on the assumption clause in the deed to him. It
should be observed that the Sabins, the grantors in the convey-
ance to appellee, make no claim under the assumption clause
therein. The only party seeking to enforce any liability as
against the appellee is the mortgagee, who was not a party to
the agreement.

It is a well settled doctrine, frequently applied to such
contracts as the one in question, that the rule that the terms of
a written contract cannot be altered or contradicted by parol
evidence cannot be invoked either by or against a stranger to

the contract; that it has "no application in controversies between a party to the instrument on the one hand and a stranger to it on the other; for the stranger, not having assented to the contract, is not bound by it, and is therefore at liberty, when his rights are concerned, to show that the written instrument does not express the full or true character of the transaction. And where the stranger to the instrument is thus free to vary or contradict it by parol evidence, his adversary, although a party to it, must be equally free to do so." *Aultman E. & T. Co. v. Greenlee,* 134 Iowa 368. See, also, *DeGoey v. Van Wyk,* 97 Iowa 491; *Logan v. Miller,* 106 Iowa 511; *Clark v. Shannon & Mott Co.,* 117 Iowa 645; *Livingston v. Stevens,* 122 Iowa 62; *Peters v. Goodrich,* 192 Iowa 790; *Shult v. Doyle,* 200 Iowa 1. In *In re Assessment of Shields Bros.,* 134 Iowa 559, we said:

"As against a stranger to the contract, a party thereto may assert that the agreement was other or different—in any respect and to any extent—than that which the writing imports."

In *Shult v. Doyle,* supra, we said, speaking of the relation of the mortgagee to a contract whereby the purchaser of the land from the mortgagor assumed and agreed to pay the mortgage:

"As to the plaintiff herein, his rights are subordinate to the real agreement entered into, as between the defendants. His rights are purely legal. They do not arise out of any equity. They spring alone from the express agreement of the parties, made in his behalf as a third person. *Peters v. Goodrich,* 192 Iowa 790. The cause of action thus created in his favor is a bit of legal grace; it cost him nothing; it simply fell upon him, without effort or knowledge on his part. He is entitled to it, such as it is. He has no ground of appeal to equity, either to expand it or to prevent its shrinkage."

Appellant relies upon *Beeson v. Green,* 103 Iowa 406. Language is to be found in that case that seems to support appellant's contention that, in such a situation, the rule excluding parol evidence to vary or contradict a written contract is applicable. No consideration appears to have been given in that case to the fact that the question arose between the assignee of the mortgagee, a stranger to the contract evidenced by the assumption clause, and the mortgagor's grantee, a party to the contract. In so far as it applies to the rule affecting parties to the contract in favor of a stranger thereto, it is clearly out of har-

mony with our many subsequent holdings on the question, cited above, and must be considered as, in effect, if not in terms, overruled by them. See particularly *Peters v. Goodrich,* supra.

Appellant also relies upon the doctrine that one who contracts for an undisclosed principal binds himself. The difficulty with the application of this doctrine to the facts in hand is that

2. PRINCIPAL AND AGENT: undisclosed agency: liability of agent: nonapplicability of rule.

the one invoking it is a stranger to the contract. Whatever might be said of the appropriate application of this rule at the instance of the grantors in the deed, in case the real purchaser was not disclosed, it cannot aid one who was not

a party to the contract. In this view, it becomes unnecessary to determine whether the Sabins were advised that the Dennstedt Land Company was the real purchaser, the only disputed question of fact in the case.

In argument, counsel discuss the question of consideration for the assumption clause in the deed, and whether it was incumbent on the appellant to plead and prove a consideration

3. REFORMATION OF INSTRUMENTS: in general: non-necessity to reform.

therefor. In the view we take of the case, it is unnecessary that we consider these questions. The evidence on behalf of the appellee established without contradiction that he was not the

purchaser of the land; that by the purchase he acquired no interest in it; that there was in fact no agreement that he should assume and pay the mortgage. As against the appellant, it was not necessary that there be a reformation of the deed in order to relieve the appellee from liability under the agreement appearing in the deed; for, as we have seen, he had a right, as against the mortgagee, notwithstanding the writing, to show the facts.

In *Shult v. Doyle,* supra, the land was sold on contract to one who by the contract agreed to assume and pay the mortgage. This purchaser sold the land on contract to parties who therein agreed to take it subject to the mortgage. Both transactions were consummated by conveying the land "across" from the first vendor to the last vendee by a deed in which the grantees assumed and agreed to pay the mortgage. The grantees asked a reformation of the deed. We said:

"So far as the plaintiff [the mortgagee] was concerned, they [the grantees] had no need of equitable relief. As against

him, they had a right to introduce parol evidence, to vary and contradict the writing upon which he predicated his case.''

When it is determined, either as a result of the reformation of the writing or on competent evidence, where reformation is not necessary, that there was no agreement on the part of the appellee to assume and pay the mortgage, it is the end of the controversy. As bearing on the question see, also, *Rogers v. Castle,* 51 Minn. 428 (53 N. W. 651); *Gold v. Ogden,* 61 Minn. 88 (63 N. W. 266); *Kelly v. Geer,* 101 N. Y. 664 (5 N. E. 332); *Deyermand v. Chamberlin,* 22 Hun (N. Y.) 110; *Painter v. Kennedy,* 89 Wash. 275 (154 Pac. 161); *Llewellyn v. Butler,* 186 Mo. App. 525 (172 S. W. 413); *Boyd v. Winte,* 65 Okla. 141 (164 Pac. 781); 41 Corpus Juris 744.

We do not have before us, and express no opinion upon, the question of the right of the grantor in such a situation to recover, in a proper çase.

We reach the conclusion that the judgment below was right, and it is—*Affirmed.*

EVANS, C. J., and STEVENS and FAVILLE, JJ., concur.