ELLEN M. CARNEY et al., Appellees, v. THEODORE JACOBSON, Appellant.

No. 40093.

June 23, 1930.

*Burnstedt & Hemingway,* for appellant.

*Martin & Alexander,* for appellees.

Stevens, J.—I. This is an action at law, to recover the amount of a certain note, secured by a mortgage on real estate in Murray County, Minnesota, executed February 27, 1920, by  Lewis Tokle and wife and J. W. Erickson and wife to Berger Stemsrud. The note and mortgage were subsequently transferred to appellees, who are the present owners thereof. On January 19, 1922, Tokle and wife conveyed to appellant their interest in the Minnesota land by warranty deed containing the following provision:

"Excepting a mortgage for $13,000.00, a mortgage for $23,000.00, a mortgage for $8,000.00 and a public ditch lien for $2,003.00, all of which encumbrances together with the interest thereon, the party of the second part hereby assumes and agrees to pay."

It is alleged in the petition that the deed containing the

above clause was delivered to and accepted by the grantee; that he thereby assumed and agreed to pay the $8,000 encumbrance, which is the one involved herein. There is a discrepancy between the deed and the note, which is, in fact, for $8,800. This discrepancy is not here material. The appellant, answering the petition, denied each and all of its allegations, admitted the execution of the deed by Tokle and wife, but specifically denied that he ever at any time, orally or in writing, undertook or agreed to assume or to pay the note. In a separate subdivision of the answer, appellant again denied that he received or accepted the deed containing the assumption clause with knowledge thereof, and alleged that he at no time, either prior to or at the time of the execution of the deed or subsequently, promised or agreed to assume the payment of the note in question, and that he learned of the terms and provisions of the deed some time after it was executed and had been placed of record.

The testimony on behalf of the appellant tends to support his theory of the case, but B. J. Carney, one of the appellees, testified that appellant made three annual interest payments on the note and a further payment of $300 on March 1, 1924, which appellees accepted in full of all interest due thereon to that date. The witness further testified that:

"Mr. Jacobson came to Grinnell and made the payment to me. Mr. Jacobson at that time told me,—I don't remember the exact words,—and then we discussed the note and the obligation, and he told me that I had stated that it was his obligation, and he expected to pay it. The next indorsement is in my handwriting. That notation is: 'Interest paid to March 1st, 1924, by agreement, $300.00.' Mr. Jacobson came to Grinnell and made this payment to me. There was a conversation at that time. Mr. Jacobson told me that he was hard up; that he always paid his obligations, and expected to pay this one, and he would require more time; that he had invested in real estate around Jewell and up around Lake Wilson; that he would come out all right; that he was a man of his word, and expected to live up to his obligations, but he would require additional time to do it. He asked me if we would accept $300 for the payment of interest up to March 1, 1924. That amount was accepted as payment for interest that year, and indorsed accordingly. I had a talk with

Mr. Jacobson following that time. He came to Des Moines to see us about this obligation. It was after the note was due. It was after March 1, 1925, and after the payment of the interest, and the following payment of interest was due; and talked about the obligation again,—stated at that time that he only owed half the note.''

Appellant in his own behalf testified that he informed Carney that the assumption clause was incorporated in the deed by mistake, wholly without his knowledge or consent, and that he had never promised or agreed to assume and pay the obligation in question. He did not, however, deny the several payments of interest. The claim of appellant that he was not present when the deed was executed, that it was recorded in his absence, that the first he knew that it contained the assumption clause was several days thereafter, and that, when he learned of the matter, he protested to Tokle, who merely laughed at him, is not disputed. Appellant took no steps to have the error, if such it was, corrected.

Alleged error in the court's instructions is the sole basis for the propositions relied upon for reversal. The court gave the following instruction:

''Certain evidence has been introduced, tending to show that the defendant, sometime after the execution of the deed in question, made certain statements to one B. J. Carney, wherein the witness Carney claimed that the defendant stated that the note in question was his obligation, and that he would pay it,—or words to that effect. Now, you are instructed that, even though the defendant did not agree, at the time of the making and execution of the deed, to assume the note and mortgage in question, and at that time never intended to assume them, if he afterward, with knowledge of the fact that there was such a clause in the deed, whereby he assumed said note and mortgage, ratified and accepted the terms of said deed, and accepted the assumption of said note and mortgage, then he would be bound thereby, just the same as if he had assumed them before and at the time of the execution of the deed. It is for you, ladies and gentlemen, to determine, from the evidence in this case, and as guided by these instructions, as to what the real truth in the matter is.''

The court in two other instructions used the words "ratify and accept" and "ratify, accept, or recognize." No plea of ratification was interposed by the appellee. The theory of the court in submitting the case to the jury obviously was that no question of ratification was presented, or necessary to the instruction given. It will be observed that the execution and delivery of the deed are alleged in the petition. The assumption clause was incorporated therein. The action is between the grantee and a third party. The grantee denied that he ever agreed to assume and pay the encumbrance in question, and alleged that the clause was written into the deed without his knowledge or consent, either by mistake or design. The only basis of the cause of action was the assumption clause in the deed. If, at the time the instrument was delivered, appellant accepted the same, recognizing and approving the clause in the deed, he thereby became bound absolutely to observe and perform its terms. When thus accepted and approved, the deed stood as originally written, and appellant could not escape liability on the theory that he had not previously consented to assume the obligation. Appellees had a perfect right to meet appellant's testimony as to the assumption clause in the deed by proof that he had previously, in fact, recognized, approved, and accepted the same. If it was established upon the trial that appellant, subsequent to the delivery of the instrument, approved and accepted the terms of the deed, such approval and acceptance related back to the date of the instrument. *Long v. Osborn*, 91 Iowa 160; *Smith v. Des Moines Nat. Bank*, 107 Iowa 620; *Lull v. Anamosa Nat. Bank*, 110 Iowa 537; *McColl v. Jordan*, 200 Iowa 961; *State Bank of Tabor v. Kelly*, 109 Iowa 544; *Terry v. American Ins. Co.*, 202 Iowa 1291; *Old Line Life Ins. Co. v. Jones*, 206 Iowa 664; *Stacey Fruit Co. v. Sketchley*, 192 Iowa 186. In such case, no plea of ratification was necessary, and no such issue was presented for submission to the jury. Perhaps the instruction complained of might have been more clearly phrased, but the inclusion therein of the word "ratify," which might well have been omitted, could not have been prejudicial to the appellant. It was used in conjunction with the word "accepted," and added nothing thereto. If the word had been omitted, all difficulty would have been removed. The substance and effect of the instruction were merely to advise the jury that, if appellant, sub-

sequent to the delivery of the deed, recognized and accepted the assumption clause, he was bound thereby. This is a correct interpretation and statement of the law. Reiteration of the terms ''accept and ratify'' in succeeding instructions was likewise without prejudice.

II.   Instruction No. 8 is as follows:

''Now, you are instructed that the payment of the interest, or a part of the interest, upon the note does not necessarily establish the fact that he was bound by the terms of the deed, but this evidence was admitted for the purpose of aiding you in determining whether or not the defendant did assume the note and mortgage in question, or whether or not he did, after the execution and delivery of the deed, ratify, accept, or recognize as his obligation the note and mortgage here in question. This evidence should be taken into account by you, together with all the other evidence in the case bearing upon this point, in determining what your decision will be on this question.''

The use of the word ''necessary'' in this instruction is criticized by appellant. The primary issue in the case, as stated by the court in its instructions, was as follows:

''The issue of fact thus made by the parties is as follows: Did the defendant, Theodore Jacobson, assume and agree to pay the mortgage for $8,800?''

The purpose of the court in calling attention to the testimony of the witness Carney is obvious, and was favorable to the appellant. All questions of fact and the weight thereof were properly left to the jury to determine. The court merely called attention to the particular testimony of Carney for the purpose of emphasizing the restricted application to be given thereto.

The foregoing discussion disposes of all questions possessing merit, presented for decision. We find no prejudicial error in the record, and the judgment is affirmed.—*Affirmed.*

MORLING, C. J., and EVANS, FAVILLE, and DE GRAFF, JJ., concur.

ALBERT, KINDIG, WAGNER, and GRIMM, JJ., dissent.