L. A. ANDREW, Superintendent of Banking, Appellant, v. G. T. NAGLESTAD et al., Defendants; GEORGE GROTH, Defendant, Appellee.

No. 41853.

June 20, 1933.

Warren H. White, for appellant.

Joe H. Kirby and Louis N. Crill, and Griffin & Griffin, for appellee.

STEVENS, J.—The mortgage in suit was executed by the defendants Naglestad and others to Rose Pendergast. Subsequently, Herbert and Nannie J. Renshaw, joint mortgagors, conveyed their undivided interest in the real estate to the appellee Groth by warranty deed containing the assumption clause upon which the action against him is predicated. The note and mortgage were, subsequent to the date of the warranty deed, transferred to the Savings Bank of Larchwood, Larchwood, Iowa. The appellant, superintendent of banking, is the receiver of the savings bank, which at the time of the commencement of this action was insolvent. The answer of Groth denies that he ever assumed or agreed to pay any part of the mortgage which was for $34,952.75, and alleges that the provision in the deed was inserted without his knowledge or consent and that there was no consideration therefor.

Appellant, by way of reply, pleaded estoppel based upon the alleged acceptance of the deed and the payment of interest by appellee. Under the repeated holdings of this court, the decisive question is largely one of fact. It is admitted by all parties interested that the execution of the deed was preceded by a contract in writing. This contract is not before us. The deed was written by one Anderson, an officer of the Larchwood bank, and by him

sent to the recorder for record. When it was returned to the bank, it was placed in the private box of appellee to which he. had no key. Appellee was called as a witness by appellant. He testified in chief that he never saw the deed until he received it from the bank in January, 1931, nearly seven years after its execution. The cross-examination of this witness covers a wide field.

On cross-examination, he testified that it was agreed between him and his vendor that he was not to assume or otherwise obligate himself to pay the incumbrances upon the land and that the contract so stated. The deed was prepared by Anderson at the request of one of the grantors. Appellee testified that he told Naglestad to be sure that the deed was written in strict. harmony with their agreement. Naglestad was a witness upon the trial, but was unable to recall much of anything about the transaction. He was unable to state whether it was the agreement of the parties that appellee was to receive a deed to his equity in an undivided one-third interest in the property, subject to the mortgages, or whether he was to assume and agree to pay the same. His testimony throws little or no light upon the situation. The contract was lost, and neither party had a . copy. Anderson, who prepared the deed, was deceased at the time of the trial. Appellee is contradicted, if at all, by only one witness. This witness testified that appellee told him several months prior to January, 1931, that he had submitted the deed to an attorney who had advised him that he was not liable to the mortgagee. The attorney thus consulted did not testify upon the trial. Appellee admitted that he talked with an attorney, but stoutly maintained that he did not then have the deed and that he never saw it prior to the time stated above. He testified that he had no key to his private box, and that when he wanted any papers deposited therein some one at the bank got them for him. This testimony is not disputed.

During the trial, appellee with permission of the court filed a cross-petition praying reformation of the deed. ·

Reliance of appellant is placed principally upon two propositions, that is, that the evidence of Groth as to the oral agreement and understanding between him and his grantor was inadmissible under the parol evidence rule, and that appellee is estopped to deny the validity of the covenant in the deed.

 It will be observed that neither the appellant nor the savings bank, of which the superintendent of banking is receiver, is a

party to either the written contract or the deed. They are strangers thereto. As was said by this court in Shult v. Doyle, 200 Iowa 1, 201 N. W. 787, 790, the cause of action created in favor of the mortgagee

"is a bit of legal grace; it cost him nothing; it simply fell upon him, without effort or knowledge on his part. He is entitled to it, such as it is. He has no ground of appeal to equity either to expand it or to prevent its shrinkage."

Parol evidence of the true agreement between the parties in such circumstances has too often been held to be admissible to require discussion of the point. Peters v. Goodrich, 192 Iowa 790, 185 N. W. 903; Shult v. Doyle, supra; Nissen. v. Sabin, 202 Iowa 1362, 212 N. W. 125, 50 A. L. R. 1216; Holst v. Consolidated Ind. School Dist., 203 Iowa 288, 211 N. W. 398; Steffes v. Hale, 204 Iowa 227, 215 N. W. 248; Sheridan v. Limbrecht, 205 Iowa 573, 218 N. W. 278; Coen & Conway v. Scott County Sav. Bank, 205 Iowa 483, 218 N. W. 325; Crane v. Leclere, 206 Iowa 1270, 221 N. W. 925; Johnston v. Grimm, 209 Iowa 1050, 229 N. W. 716; Peilecke v. Cartwright, 213 Iowa 144, 238 N. W. 621; Hanson v. Manning, 213 Iowa 625, 239 N. W. 793.

Appellant relies upon Beeson v. Green, 103 Iowa 406, 72 N. W. 555. This case is apparently not in harmony with the pronouncement in the cases supra. It appears, however, that the grantee in that case accepted the deed containing the assumption clause without protest or objection. Great weight is given in the opinion to this fact. Whether or not the holding harmonizes with the later decisions of this court, the rule is as stated therein. It appears that appellee did occasionally pay a proportionate share of the interest on the mortgage indebtedness. Frequently, when doing so, he urged Naglestad, to whom the payments were made, to let the land go back. The payment of interest by appellee was not necessarily inconsistent with his present position. Payment thereof was essential to the protection of appellee's title to the property.

According to the testimony of appellee, the first he ever knew of the clause in the deed was when it was delivered to him at the bank in January, 1931. This action was commenced in July of that year. The first demand ever made of appellee for payment was by appellant in March of the same year. Appellee at all times has denied the validity of the clause in the deed. The case is not

one in which the covenant was written into the deed without the knowledge or consent of the covenantee and subsequently discovered therein and ratified and confirmed as was the situation in Carney v. Jacobson, 210 Iowa 485, 231 N. W. 436. By such act he would have been estopped. The clause in controversy having, by the greater weight of the evidence, been shown to have been inserted without authority, without the knowledge or consent of appellee, and contrary to the contract of the parties, was clearly without a consideration to support it. Proof of acceptance and ratification is wholly absent. But one conclusion can be reached upon the record before us, and that is that the judgment of dismissal of the cause of action against appellee must be and it is affirmed.—Affirmed.

KINDIG, C. J., and ANDERSON, MITCHELL, and KINTZINGER, JJ., concur.