R. C. PETERS, Appellant, v. W. S. GOODRICH, Appellee.

**MORTGAGES:** Oral Contradiction of Written Assumption of Payment. One who, in the exchange of equity for equity, takes a deed in which he inadvertently assumes the payment of a pre-existing mortgage on the property (to which mortgage he is a stranger) may, when sued on such assumption, show *by oral testimony* that there was no consideration for such assumption of payment, and that the contract for exchange did not, in fact, provide for such assumption.

*Appeal from Pottawattamie District Court.*—O. D. WHEELER, Judge.

DECEMBER 13, 1921.

ACTION to recover on the mortgage assumption clause in a warranty deed. The defendant pleaded a want of consideration for assumption of the mortgage, and that the deed did not express the true contract between the parties, and prayed reformation of the deed. Decree for defendant, and plaintiff appeals. —*Affirmed.*

*Stout, Rose, Wells & Martin* and *George S. Wright,* for appellant.

*Tinley, Mitchell, Pryor, Ross & Mitchell,* for appellee.

FAVILLE, J.—One Lingren was the owner of certain lands in Oteo County, Nebraska. On February 6, 1906, Lingren and his wife executed and delivered to appellant their certain promissory note for $4,000, due March 1, 1911, and secured the said note by a mortgage upon the said land. The mortgage was duly recorded, soon after its execution. Thereafter, the said real estate passed by a series of mesne conveyances to one Stahl. The latter conveyed the premises to the appellee by warranty deed, which deed contained the following clause, "Subject, however, to the mortgage indebtedness upon said land, of which the principal sum is $5,640.41," and the further provision that said real estate was "free from incumbrance, except as above stated,

which the party of the second part assumes and agrees to pay when due."

This suit is to recover the amount due on said mortgage from appellee, the grantee in said deed, under the assumption clause therein. It appears that Stahl was a resident of Huron, South Dakota; and in the summer of 1913, he left his home to spend the winter in California. Before so doing, however, he listed the said land in Oteo County, Nebraska, with one Christensen, a land agent, for sale. In order to enable Christensen to effectuate a sale of the premises, Stahl executed a warranty deed to the said Nebraska property, and placed the same in the hands of Christensen. The consideration in said deed was left blank, as was also the name of the grantee. This deed is the one in controversy in this action, and was executed July 26, 1913.

After Stahl had gone to California, the agent, Christensen, undertook to find a buyer for said property, and discovered the appellee, Goodrich, whom he interested as a prospective purchaser in the Nebraska land. At that time, the appellee was the owner of a quarter section of land in South Dakota, upon which there was an outstanding mortgage of $5,000. As the result of the negotiations between appellee and Christensen, the parties finally agreed to an exchange of equities in the said lands. To adjust matters satisfactorily, it was necessary for Stahl to give a note of $3,000, secured by a second mortgage upon the South Dakota land, which he was to receive from the appellee. Christensen and the appellee went to an office, and had a contract drawn. This contract was in the usual form of land contracts for the exchange of land; and, by its terms, Stahl agreed to convey to appellee the land in Oteo County, Nebraska, "subject to mortgage incumbrance aggregating $5,640," in consideration of which the appellee agreed to convey to Stahl certain lands in Hand County, South Dakota, "subject to a mortgage of $5,000." The contract provided that each party was to convey by warranty deed.

After the contract was signed by the appellee, it was forwarded to Stahl in California, who executed and returned the same. When the time arrived for consummation of the transaction, Stahl's agent, Christensen, took the deed which Stahl had left with him, as before stated, and inserted therein as a

consideration "the sum of one dollar and other good and valuable considerations," filled in the name of appellee, as grantee, and delivered said deed to the appellee. The deed contained the mortgage assumption clause, as originally inserted therein when Stahl executed the deed in blank, the previous summer. The appellee at said time delivered to Christensen, for Stahl, a deed to the South Dakota land. It also appears that the deed from appellee to Stahl of the South Dakota land contained a recital that the grantee therein "assumes the $5,000 mortgage, and also agrees to pay the same."

As before stated, it is the contention of the appellee that the assumption clause in the said deed from Stahl to him was not inserted therein in pursuance of the contract between the parties, and that the same was without consideration. It fairly appears from the evidence that the contract for the exchange of properties between Stahl and the appellee was a contract for the exchange of equities. The properties were not equal in value, nor were the incumbrances thereon; but Stahl placed an additional incumbrance upon the South Dakota land which he received from the appellee, and took it subject to the existing mortgage thereon. The appellee, in turn, by the terms of the contract, took the Nebraska land subject to the outstanding incumbrance thereon, which is the mortgage in controversy. The written contract executed by the parties at the time clearly and expressly provides for an exchange of properties, and that the said properties were to be exchanged subject to the respective incumbrances. As stated, the deed that was delivered to the appellee had been executed by Stahl before his departure for California, and had been left with Christensen in anticipation of a sale of the property. Neither Stahl nor his agent, Christensen, had the appellee in mind as a prospective purchaser, at the time of the execution of this deed. It was simply left with Christensen as a matter of convenience, to facilitate the consummation of a sale of the property if Christensen found a buyer during Stahl's absence.

It is contended by the appellee that the said deed did not express the true contract between the parties in regard to the outstanding incumbrances, and that there was no consideration for the assumption of the mortgage in question. We think the

evidence fairly supports the appellee's contention in this regard. It is the real contract between the parties that is controlling in a case of this kind. If there was no agreement between Stahl and the appellee that the latter should assume the mortgage in controversy, then the clause in the deed cannot be enforced against the appellee at the instance of the appellant. Notwithstanding the recitals in the warranty deed, it was available to the appellee to show the true contract between him and his grantor, as against appellant. He not only could show this where said contract was evidenced in writing, but it was available to him to establish by parol the true contract between the parties, as against the claim of the mortgagee. In an action brought by the mortgagee, who was a third party seeking to assert rights under the assumption clause in the deed, the appellee was entitled to prove the real contract between himself and his grantor, and to establish this by parol, even though it varied or contradicted the recitals of the deed. Such is the established rule in this state.

In *Livingston v. Stevens,* 122 Iowa 62, we said:

"It is contended that evidence of negotiations and agreements had between plaintiffs and Tucker, before the making of the mortgage on September 19th, was incompetent and immaterial, because all such were merged in the mortgage, and parol evidence of such prior arrangements is incompetent. If the action were between the parties to the mortgage, this objection would, no doubt, be good. But the rule excluding parol proof where there is a written contract or agreement does not apply to actions between a party to the contract and a stranger. Manifestly, such stranger is not to be concluded thereby. He had no part in the making of the contract, and third parties cannot bind him by an instrument to which he is not a party. This is fundamental doctrine, although frequently overlooked by courts and counsel, and in its support we need only cite *Evans v. Wells,* 22 Wend. 345; *Fuller v. Acker,* 1 Hill 473; Greenleaf, Evidence, Section 279; *Lee v. Adsit,* 37 N. Y. 78; *Furbush v. Goodwin,* 25 N. H. 446; Bradner on Evidence, Section 27, page 335, and cases cited."

In *Aultman Eng. & Thr. Co. v. Greenlee,* 134 Iowa 368, we said:

"It is argued by the appellant that the written expression of consideration comes within the general rule which excludes oral evidence to vary a written contract. Whether the rule thus invoked would apply if this were an action between parties to the deed, we need not stop to inquire; for, even if such inquiry is to be answered in accordance with appellant's contention, it is thoroughly well established that the rule has 'no application in controversies between a party to the instrument on the one hand and a stranger to it on the other; for the stranger, not having assented to the contract, is not bound by it, and is therefore at liberty, when his rights are concerned, to show that the written instrument does not express the full or true character of the transaction. And where the stranger to the instrument is thus free to vary or contradict it by parol evidence, his adversary, although a party to it, must be equally free to do so.' 17 Cyc. 750; *Livingston v. Stevens*, 122 Iowa 62; *Clark v. Shannon*, 117 Iowa 645. The evidence was properly admitted."

*In re Assessment of Shields Bros.*, 134 Iowa 559, we said:

"A contract rests in the intention of the parties thereto. It is true by general rule that, where the contract has been committed to writing, the nature and extent of the undertakings must be ascertained by an inspection of such writing. Oral evidence is not allowable to work a change or variance in the terms, conditions, etc., as fairly expressed by the writing. But this rule is enforced only where a controversy arises between the parties to the contract or their privies. As against a stranger to the contract, a party thereto may assert that the agreement was other or different, in any respect and to any extent, than that which the writing imports. *Livingston v. Stevens*, 122 Iowa 62; *Logan v. Miller*, 106 Iowa 511; *Roberts v. Bank*, 8 N. D. 474 (79 N. W. 997); 11 Am. & Eng. Ency. 548, note; Page on Contracts, Section 1196 *et seq.*"

See, also, *Clark v. Shannon*, 117 Iowa 645; *Blumer v. Schmidt*, 164 Iowa 682; *Moore v. St. Paul F. & M. Ins. Co.*, 176 Iowa 549; *De Goey v. Van Wyk*, 97 Iowa 491.

The case of *Logan v. Miller*, 106 Iowa 511, is strikingly similar to the case at bar. This was an action to recover upon the assumption clause in a mortgage. The petition in said case

alleged that the former owner of said real estate had given a note to plaintiff, secured by a mortgage on certain lands, and afterwards conveyed the lands to the defendant by warranty deed, by the terms of which defendant covenanted and agreed to pay said mortgage. The deed contained an assumption clause. Defendant pleaded that he had entered into à written contract for the exchange of property with one Salisbury, and that, by the terms of said contract, he was to take the property in question subject to a mortgage, but that he did not by said contract agree to assume the same. He alleged that Salisbury had taken a conveyance from the former owner of the land, in which the name of the grantee was left blank, and that, after the sale of the property to the defendant, in place of making a new conveyance, Salisbury wrote in the name of the defendant as grantee, and delivered to him the deed. He alleged that the deed did not state the true consideration between the parties, but that the real contract was a mere exchange of equities. We quoted with approval our pronouncement in *De Goey v. Van Wyk,* supra, as follows:

"The rule excluding such parol evidence applies only to those who are parties to the instrument, the effect of which may be sought to be changed. It cannot affect third persons who, were it otherwise, might thereby be precluded from establishing the truth as to matters with regard to which they had nothing to do. * * * Inasmuch as the defendant was not a party to the mortgage, there was no error in permitting him to show that, in fact, there was a consideration other than that stated therein."

We said, in *Logan v. Miller,* 106 Iowa 511, 516:

"The instrument the consideration of which is sought to be proven to have been different from that recited is the deed to the defendant. The plaintiff, Logan, is not a party to that instrument; and therefore, under the rule just quoted, the true consideration may, as between him and the defendant, be shown. The question whether the true consideration might be shown as between parties to the instrument was not involved in that case, nor is it in this. Therefore we are not called upon to affirm what is said in that opinion argumentatively on that subject. We think the terms of the written contract, as set up in the answer, relate to the consideration, and that the defendant may be al-

lowed to prove the same. To prove the true consideration as to amount and manner of payment does not in any way affect the title conveyed by the deed; for, with these made according to the truth, the deed still stands as a valid conveyance."

.          See, also, *Fuller, Williams & Co. v. Lamar*, 53 Iowa 477.

The instant case, we think, comes within our previous holdings, and the appellee was entitled to prove the true consideration for the deed in question and the actual contract between the parties thereto in respect to the assumption of the mortgage; and we are satisfied that the evidence clearly, convincingly, and satisfactorily establishes that the contract between the parties did not provide for or anticipate the assumption of the mortgage in question by appellee, and that there was, in fact, no consideration between said parties for the assumption of said mortgage.

It is contended by appellant that the acceptance of the deed by appellee with the assumption clause therein precludes the appellee from now seeking to avoid the recitals in the deed. The evidence shows that the deed in question contained two recitals in regard to the mortgage. In the fore part of the deed, the property is conveyed subject to the mortgage. A later provision in the deed contains the assumption clause. Appellee's testimony is to the effect that he did not know that the deed contained the assumption clause until considerable time after the same had been delivered and recorded. No estoppel is pleaded by the appellant. In any event, we do not think the appellee is estopped to prove the true contract between him and his grantor and the true consideration for the execution of the deed. He has never recognized the mortgage indebtedness in any manner, has never paid any interest thereon, nor otherwise estopped himself to assert the defenses now interposed. In *Bull v. Titsworth*, 29 N. J. Eq. 73, it is said in the syllabus:

"A mortgagee can derive no advantage from a covenant of assumption in a deed, if the covenant be invalid between the parties to the deed,—e. g., where there was no agreement for assumption, and though the deed contained the covenant, and was delivered, the covenant escaped the notice of the grantee, it being inserted in an unusual place in the deed."

There is conflict in the evidence in regard to the oral ne-

gotiations prior to and at the time that the written contract for the exchange of properties was executed; but we are satisfied from the record in the case that the true contract between the appellee and Stahl called only for an exchange of equities in their respective properties, subject to certain incumbrances, and without an agreement to assume said incumbrances, and that there was, in fact, no consideration for the assumption of the appellant's mortgage by the appellee.

The decree entered by the trial court appears to us to find · ample support in the record, and it therefore must be and is— *Affirmed.*

EVANS, C. J., STEVENS and ARTHUR, JJ., concur.