WILLIAM B. SNYDER et al., Appellees, v. T. B. SARGEANT, Appellant.

CONTRACTS: Actions for Breach—Written Unsigned Obligation. A
1    plaintiff who brings action on a written contract which does not import a consideration, i. e., on an assumption clause in a deed *not signed by the assumptor,* and pleads a specified consideration for said assumption, must, if met by a denial, establish such consideration.

DAMAGES: Agreement to Discharge Lien—Breach. One who breaches
2    his agreement to discharge an incumbrance upon the property of another party may be liable for the full value of the property, or only for the amount of the incumbrance. If he knows that the owner entered into the contract to save his property because the owner had no means to effect the discharge, and the defaulting party has such means, but fails to so employ them, and gives the

owner no reasonable opportunity to save his property, then the larger
liability attaches; otherwise the smaller.

DAMAGES: Agreement to Redeem—Evidence. On the issue of dam-
3   ages for failure to redeem as per agreement, evidence as to the prop-
erty possessed by the owner of the property is material.

EVIDENCE: Conclusions—Nature of Location of Property. A state-
4   ment by a witness who is testifying as to the value of property,
to the effect that the ''location is good,'' is an allowable conclusion.

*Appeal from Emmet District Court.—N. J. LEE, Judge.*

### DECEMBER 11, 1923.

### REHEARING DENIED MARCH 7, 1924.

ACTION at law, to recover on the assumption clause in a
deed. The opinion states the facts. Verdict and judgment for
plaintiffs. Defendant appeals.—*Reversed.*

*E. B. Stillman* and *D. R. Alexander,* for appellant.

*Thompson, Loth & Lowe* and *Morse & Kennedy,* for appel-
lees.

VERMILION, J.—The plaintiffs, appellees, were, on and prior
to September 9, 1921, the owners of a garage building and a
residence hereinafter referred to as the homestead, in Forest
City. A mortgage covering both pieces of property had been
foreclosed, and the properties sold separately on execution sale,
the garage selling for $3,700, and the homestead for $2,100. The
year within which appellees might redeem expired on February
25, 1922. On September 9, 1921, the plaintiff W. B. Snyder and
defendant, appellant, entered into a written contract, whereby
the garage was to be exchanged, ''subject to present incumbrance
of $6,500.00,'' for 280 acres of land in Wisconsin, to be con-
veyed by defendant free of incumbrance. Thereafter, on Sep-
tember 29 and 30, 1921, after plaintiff had inspected the Wis-
consin land, the parties met, to consummate the exchange, and,
after a protracted conference, plaintiffs delivered to defendant
a deed to the garage property, and received a deed to the Wis-
consin land. The deed executed by plaintiff contained the fol-
lowing:

"Subject to an incumbrance of $6,500.00, being a certain mortgage given to the Winnebago County State Bank of Forest City, Iowa, on which there has been foreclosure and on which the period of redemption expires about February 28th, 1922, which said incumbrance on all property described in said mortgage together with interest costs and expenses the said grantee assumes and agrees to pay to the extent of $6,500.00 and no more."

At the same time, plaintiffs conveyed to defendant certain additional property in Clear Lake, subject to a mortgage thereon for $500. Defendant failed to pay the incumbrance on the garage and homestead or to redeem from the sheriff's sales, and on March 1, 1922, a sheriff's deed for the homestead was issued to the purchaser at the sale.

This action is at law, to recover the value of the homestead property. The petition, in addition to the facts above stated, which are not in dispute, alleged that, after the foreclosure, plaintiffs were financially unable to redeem, unless one or the other of the properties could be disposed of, and that they desired to dispose of the garage and redeem the homestead; that the defendant was advised of these facts before the contract of exchange was entered into, and it was expressly agreed that defendant, for the conveyance to him of the garage, should pay off the entire amount owed on the mortgage and both the certificates of sale, and thus redeem the homestead for the plaintiffs, but that by mutual mistake such agreement was omitted from the written contract; that the assumption clause in the deed was in pursuance of the original agreement of the parties, and upon an additional consideration of the conveyance of the Clear Lake property by plaintiffs to defendant; that plaintiffs relied upon defendant's agreement to assume and pay the amount required to satisfy the mortgage and foreclosure on the homestead, until

February 25, 1922, when, for the first time, defendant advised plaintiffs that he would not redeem from the sheriff's sale; that, plaintiffs being financially unable to redeem the homestead, it was deeded by the sheriff to the purchaser at sheriff's sale, and lost to them.

The answer admitted the execution of the contract and deed, but denied that the deed provided that defendant was to redeem

any other property than that described in the deed. It alleged that the deed was made in accordance and compliance with the contract, and that it was the intent and understanding, at the time the deed was delivered, that defendant was not to redeem the homestead; that he was procured to accept the deed through fraud, error, misrepresentation, or by mistake; that the real intent was to take the property subject only to the incumbrance; that, after the deed was delivered to him, an attorney representing plaintiffs, through fraud and misrepresentation interlined in said deed the words, "on all property described in said mortgage," without the knowledge or consent of defendant; that he did not accept the deed with knowledge of the interlineation or the effect of it; and that, if he did accept the deed, it was through error, mistake, and fraud. Defendant denied that the Clear Lake property was conveyed to him in consideration of his assumption of the mortgage debt, but asserted that it was in consideration of the payment of taxes and incumbrance on the garage. On these issues, a trial was had to a jury.

At the close of all the evidence, the court, on motion of the plaintiffs, withdrew from the consideration of the jury the pleaded defense of fraud or mistake in the execution of the deed, and fraudulent alteration of the deed after delivery. In this there was no error. The most that can be claimed for the evidence on this proposition is that, when the parties met to complete the transaction by the exchange of deeds, a protracted controversy arose as to whether, under the original contract, defendant was to assume and pay the incumbrance on the homestead then represented by the sheriff's certificate of sale. There were present on this occasion, in addition to plaintiff William B. Snyder and the defendant, two attorneys: Osmandson, who examined the abstract for both parties, and appears at first to have acted for both, and Johnson, who was called in by defendant to represent him. Without going into the details of the testimony, it will suffice to say that, after much discussion, Osmandson interlined in the deed, which had previously been signed, the words, "on all the property described in the mortgage;" so that the instrument read as above set out. The defendant testified that, after the discussion of the interlineation, and with the knowledge that it had been made, the deed was

accepted. In view of this testimony, there was no mistake, even on defendant's part,—much less a mutual mistake on the part of both parties. Defendant and his legal adviser knew the language of the deed as interlined, and with that knowledge, and upon the advice of his attorney, he accepted it. There was, under his own testimony, no fraud practiced upon him.

In this connection, it may be well to notice the complaint concerning certain remarks of the court in announcing that the defenses of fraud and mistake would not be submitted to the jury. No exception to the remarks seems to have been saved at the time, and the claim of error was not presented, in the motion for a new trial or otherwise, to the court below. It cannot be urged for the first time on appeal. Passing that, however, we may say that the remarks complained of, being nothing more than a statement to counsel of what the instructions would, and did in fact, cover, were not prejudicial.

It is urged that the court erred in not submitting to the jury the question of consideration for the assumption contract in the deed. The action of the court can be sustained only upon the theory that the evidence established without conflict that there was a consideration for the agreement to assume and pay the incumbrance upon the homestead; or that the contract evidenced by the assumption clause in the deed imported a consideration, and that, therefore, it was incumbent on the defendant to allege and prove a want of consideration, which he had failed to do. No question was raised as to the right of plaintiffs to establish by parol, if they could, that the actual original agreement of the parties was that defendant was to assume and pay the incumbrance on the homestead as a part of the consideration for the exchange, nor is there any claim that such fact, if established, would not constitute sufficient consideration for the assumption contract in the deed. It is too plain for argument that if, in the original agreement for the exchange, defendant was to redeem the homestead as a part of the consideration for the conveyance made to him of the equity in the garage, this would be ample consideration for his agreement to do so, found in the deed. It is also clear that, if the Clear Lake property was conveyed to him in consideration of his agreement to redeem the

1. CONTRACTS: actions for breach: written unsigned obligation.

homestead, this too was a sufficient consideration. Upon both these propositions, however, an issue was raised by the answer, and the evidence is in sharp conflict. Counsel say in argument:

"The original contract, as actually made (though not as written), did, in fact, provide for an assumption. Defendant so admits: thus there is no jury question."

We have been unable to find support for this statement in the record. The answer, as said, admitted "the execution of a contract referred to in plaintiff's petition, and a copy of which is thereto attached." This is an admission only of the contract as written. There is no admission of a mistáke or omission in the written contract. The defendant testified that, in the first negotiations for the exchange, it was proposed that he take the homestead, as well as the garage, but that the homestead was finally left out, and that:

"After the homestead was taken out of consideration in the deal, nothing was said regarding my assuming any indebtedness on the homestead."

Concerning the Clear Lake property, he testified:

"The consideration given for the deed to the Clear Lake property was that I pay all the delinquent tax and penalty on the garage, which I paid, and which was approximately $449 * * *. There was no understanding between myself and Mr. Snyder that I was to accept the Clear Lake property and assume the incumbrance and pay off the house incumbrance."

Clearly, upon both of these propositions, if they were determinative, or if a finding thereon in plaintiffs' favor was essential to a recovery, there was a question for the jury.

The only remaining theory, then, upon which the action of the court in refusing to submit the question of consideration to the jury can be sustained, is that, though plaintiffs alleged and sought to prove a consideration in these two respects, they were not required to do so. Of course, plaintiffs were not required to plead or, if they did, to prove more than entitled them to recover. If the contract of assumption imported a consideration, they were not required to plead or prove a particular consideration, and the question of want of consideration could arise only upon a plea to that effect in the answer.

The assumption contract upon which plaintiffs sue is in

writing, but it is not signed by the defendant. Of course, his acceptance of the deed containing the agreement established his assent to it—supplied the element of mutuality essential to its validity as a contract; but, equally of course, it did not supply the other essential, of consideration. See *Beeson v. Green,* 103 Iowa 406, where, however, the question of consideration was not involved. The statute (Code Section 3069) provides that:

"All contracts in writing, signed by the party to be bound or by his authorized agent or attorney, shall import a consideration."

Did the assumption contract, unsigned by defendant, import a consideration as to him? The statute supplies the answer. At common law, all contracts not under seal required a consideration, while in respect to those under seal, a consideration was conclusively presumed. Upon the abolition of the use of private seals by statute in this state, somewhat of the quality that their use theretofore had imparted to contracts was, by statute, extended to contracts in writing, signed by the party to be bound. In contracts so evidenced, a consideration was imported. But it was only to those contracts coming within the terms of the statute that the attribute was given. As to all others, proof of a consideration was still essential.

The situation, then, in this case is this: The plaintiffs declared upon a contract that did not import a consideration, alleging a particular consideration which was denied in the answer. In the absence of a plea of want of other consideration, can it be said, upon proof of a breach merely, and without establishing the consideration alleged, that, as a matter of law, the plaintiffs are entitled to recover? We think not.

The real question here is not whether, in an action upon a contract that does not import a consideration, plaintiff must allege and prove a consideration, in order to recover, but whether he may, when he pleads a particular consideration which is denied, recover upon proof of a breach merely, in the absence of a defense of want of consideration. We are not unmindful of the fact that Section 3070 of the Code provides that the want of consideration of a written contract may be shown as a defense, and that, under this section, it has been held that the want of consideration for a written contract is matter of defense,

and must be pleaded. These decisions, so far as we have been able to discover, were in cases where the contract was in fact signed by the party to be bound. This is true of the cases cited by counsel. We have found no case where the rule has been applied to a contract not so signed. It is to be noted that the plaintiffs here alleged a consideration, and we think that all the defendant was required to do to raise the question of want of consideration was to traverse that allegation. Unless the assumption contract was in pursuance of the actual original contract, and therefore in consideration of the exchange of properties, or was upon a new consideration, moving at the time of the closing of the transaction, it was without consideration. The plaintiffs assumed the burden both of pleading and proving a consideration. They could not complain if the case were tried as they made it, upon the issues they tendered, or question the conclusive effect of a possible finding on the facts that neither the original nor the new consideration alleged by them existed. We think that, upon a conflict in the evidence upon the issues so raised, the defendant was entitled to go to the jury.

"It is true that, to make a want of consideration a defense to an action on an instrument in writing which imports a consideration, it must be specifically pleaded, but that rule does not apply to cases like this, in which the consideration is properly and fully averred in the complaint. *Butler v. Edgerbon,* 15 Ind. 15. In such a case, the general denial puts plaintiff to the proof of the consideration substantially as alleged." *Nixon v. Beard,* 111 Ind. 137 (12 N. E. 131).

"As a general rule, want of consideration must be pleaded, in order to be available as a defense; yet where, as here, the complaint sets out the consideration for the contract sued on, and in addition makes the contract an exhibit, and the contract sets out the consideration, evidence of want of consideration is admissible under the general denial." *Smith v. Frantz,* 59 Ind. App. 260 (109 N. E. 407).

See, also, *Kennedy v. Swisher,* 34 Ind. App. 676 (73 N. E. 724); *Wheeler v. Billings,* 38 N. Y. 263; 17 Corpus Juris 740, 741.

It is said in argument that there was a consideration for the assumption in the good-faith dispute, the threatened liti-

gation, and its final settlement. No such consideration was pleaded, nor was the question raised in the court below, and we do not pass upon the proposition.

It is claimed that no ruling was in fact made on plaintiff's motion to withdraw from the jury all questions except the measure and amount of damages, and that no exception was saved. The only propositions in fact submitted to the jury were as to the measure and amount of damages; and the question is properly raised in the motion for a new trial, to the overruling of which exception was taken.

Criticism of certain of the instructions given to the jury cannot be considered, because of failure to except to them.

Complaint is made of the measure of damages given to the jury,—the question being raised by a motion to strike testimony,—and of the refusal to give an instruction asked, to which proper exceptions were preserved. The jury were told, in substance, that, if they found that the defendant was informed and knew that plaintiffs' purpose in entering into the exchange was to save their homestead by arranging for its redemption, and that they had no means to effect this, but relied upon him to make the redemption, and defendant had the means and opportunity to do so, and led the plaintiffs to believe he would perform his agreement and redeem the homestead, and did not notify them to the contrary in time to afford them reasonable opportunity to make the redemption themselves, and that its loss was entirely due to defendant's fault, plaintiffs would be entitled to recover the fair and reasonable value of the homestead at the expiration of the period for redemption; but, if they failed to so find, plaintiffs could recover only the amount which would have been required to make the redemption.

*2. DAMAGES: agreement to discharge lien: breach.*

The damages recoverable on the breach of a contract are, ordinarily, such as may fairly and reasonably be considered as arising naturally and in the usual course from the breach; such as may reasonably be supposed to have been in the contemplation of the parties at the time the contract was made, as the probable result of a breach. *Mihills Mfg. Co. v. Day Bros.,* 50 Iowa 250, and cases cited; *Kimball Bros. Co. v. Citizens G. & E. Co.,* 141 Iowa 632; *Wragg & Son v. Mead,* 120 Iowa 319; 17

Corpus Juris 742. Innumerable cases could be cited to the same effect.

If special circumstances under which the contract was made were known to both parties, the damages which they would reasonably contemplate would be such as would ordinarily follow from the breach under the special circumstances so known. *Mihills Mfg. Co. v. Day Bros.*, supra; *Graves v. Glass*, 86 Iowa 261; *Brownell & Co. v. Chapman*, 84 Iowa 504; *Mann v. Taylor*, 78 Iowa 355; *Kramer v. Messner & Co.*, 101 Iowa 88; *Lonergan v. Waldo*, 179 Mass. 135 (60 N. E. 479); *Smith v. Sanborn St. Bank*, 147 Iowa 640.

"If it appear by such circumstances that the contract was entered into, and known by both parties to be entered into, to enable one of them to serve or accomplish a particular purpose, whether to secure a gain or to avoid an anticipated loss, the liability of the other for its violation will be determined and the amount of damages fixed with reference to the effect of the breach in hindering or defeating that object. The proof of such circumstances makes it manifest that such damages were within the contemplation of the parties." 1 Sutherland on Damages (4th Ed.) 188.

In *Blood v. Wilkins*, 43 Iowa 565, it is said:

"Where one person furnishes the money to another to discharge an incumbrance from the land of the person furnishing the money, and the person undertaking to discharge the incumbrance neglects to do it, and the land is lost to the owner by reason of the incumbrance, the measure of damages may be the money furnished, with interest, or the value of the land lost, according to circumstances. If the landowner has knowledge of his agent's failure in time to redeem the land himself, his damages will be the money furnished, with interest. But if the landowner justly relies upon his agent, to whom he has furnished money to discharge the incumbrance, and the land is lost without his knowledge, and solely through the fault of the agent, then the agent will be liable for the value of the land at the time it is lost."

The doctrine of this case has never been questioned in this state. It has been recognized and followed in other jurisdictions. *Lowe v. Turpie*, 147 Ind. 652 (37 L. R. A. 233); *Fon-*

*taine v. Schulenburg & B. Lbr. Co.*, 109 Mo. 55 (32 Am. St. 648). The rule, as noted above, is embodied in the text of Sutherland on Damages (4th Ed.), at page 263.   See, also, *Hedden v. Schneblin*, 126 Mo. App. 478 (104 S. W. 887); *Banewur v. Levenson*, 171 Mass. 1 (50 N. E. 10); 17 Corpus Juris 746.  The court appears to have followed with precision the rule of the *Blood* case, supra.  It is pointed out in some of the cases that a defendant should not be made to respond in damages in excess of the amount necessary to redeem, merely because of financial embarrassment on the part of the plaintiff; that money is presumed to be available on the market at lawful rates of interest. *Lowe v. Turpie*, supra, and cases cited.  If, however, the plaintiffs were without resources that would enable them to redeem at the time of making the contract, and that fact was known to the defendant, it may have been a special circumstance under which the contract was made, and from which, with other facts, it might have been found that it was within the contemplation of the parties at the time, that the loss of the property would result from the failure of the defendant to redeem.   At all events, the defendant could not complain that such facts, with others, were required to be found, to warrant a recovery.

Complaint is made of certain of the instructions in other respects than those referred to above.  In the first paragraph of the charge, the court incorrectly stated that the defendant admitted in the answer that he entered into the contract for the exchange of properties "as claimed by plaintiffs."  As has been seen, the admission in the answer was only of the execution of the written contract.  The fourth paragraph, in so far as it told the jury that the defendant was liable upon the assumption clause, disregarding entirely the question of consideration therefor, was erroneous.

Error is assigned on various rulings on the admission of testimony.  Plaintiff William B. Snyder, as a witness, was permitted to testify, over an objection that it was immaterial, that he had no other property aside from the garage, the personal property in it, the homestead, and the Clear Lake property.   This was material on the question of his alleged inability to redeem the homestead. On cross-examination, the same witness, when on the stand in

3. DAMAGES: agreement to redeem: evidence.

chief, after he had testified that Johnson had asked Osmandson to write the interlineation in the deed, was asked:

"No other conversation took place there, only that someone told him to write that interlineation in the deed?"

An objection that this was not proper cross-examination was rightly sustained. The witness had not testified on direct examination concerning what took place on this occasion, except as to the exchange of the deeds. The matter inquired about pertained to the defendant's case. Moreover, the witness was examined in rebuttal concerning this conversation, and defendant had ample opportunity for cross-examination.

A witness who testified for plaintiff as to the value of the homestead, in answer to an inquiry as to the general location of the property replied, "Location good," and proceeded to describe its location and surroundings. The

4. EVIDENCE: conclusions: nature of location of property.

court refused to strike the quoted statement as a conclusion. The answer, though in the nature of a conclusion, related to a matter affecting the value of the property concerning which the witness was asked for his opinion, and was but preliminary to a statement of facts as to the character of the neighborhood and the distance from the courthouse and the college. No prejudice could possibly have resulted. *Tremaine v. Weatherby,* 58 Iowa 615; *Hoadley v. Hammond,* 63 Iowa 599, 603; *McLaughlin v. Griffin,* 155 Iowa 302.

The defendant, as a witness, was not permitted to answer certain questions relating to the conversation at the time the deeds were exchanged, and as to whether he would have accepted the deed, had he known he must redeem the homestead. Answers might well have been permitted, under the plea of fraud and mistake, and upon the question of the original consideration; but we would not reverse on these rulings alone, and as the same situation may not arise on a retrial, no more need be said concerning them.

For the errors pointed out in the instructions, and in not submitting to the jury the question of consideration, the judgment must be reversed, and the case is—*Reversed and remanded.*

PRESTON, C. J., STEVENS and DE GRAFF, JJ., concur.