FIRST NATIONAL BANK OF WILLMAR, MINNESOTA, Appellee, v. FRANK J. McDONOUGH et al., Appellants.

MAY 15, 1928.

*Robert Healy* and *Helsell, Helsell & McCall,* for appellants.

*Price & Burnquist,* for appellee.

ALBERT, J.—The facts out of which this litigation arose are, in substance, as follows: One Andrew Petter Palm was the owner of a certain tract of land in Minnesota, incumbered by mortgages in the sum of approximately $18,000. He deeded this land to Frank J. McDonough, who assumed and agreed to pay these mortgages. Later, McDonough conveyed this land to Gur-

nett Brothers. This deed recited a consideration of $29,837, in hand paid, receipt whereof was thereby acknowledged, and that the same was free from all incumbrances except mortgages aggregating $18,837, which said second party (Gurnett Brothers) assumed and agreed to pay, as a part of the consideration of the deed. This deed bore date of October 1, 1920, was acknowledged on October 9th, and recorded on October 27, 1920. The two mortgages referred to in said deed consisted of a mortgage of $12,000, held by the First National Bank of Windom, and a second mortgage of $7,837, dated March 3, 1920, which was executed by McDonough to Palm, and due March 3, 1930. On the execution of the deed from McDonough to Gurnett Brothers, they immediately took possession of said land.

On December 29, 1920, Andrew Petter Palm assigned to the plaintiff the second mortgage, the one executed to him under date of March 3, 1920, by Frank McDonough, together with the note secured by the same. On May 10, 1924, Frank J. McDonough executed and delivered to the Gurnett Brothers an instrument by which he purported to release, surrender, and cancel all obligations incurred by the Gurnett Brothers by reason of the assumption clause in the deed executed by him to Gurnett Brothers on the 1st of October, 1921. This instrument recites, *inter alia*:

"The intention and purpose of this instrument being to release said above named grantees from any and all liability by reason of the assumption on the part of said grantees to pay any mortgage or mortgage lien or indebtedness of any kind referred to and set forth in said deed, as aforesaid, for and in consideration of one dollar."

The first mortgage on said land having been foreclosed, and gone to deed, plaintiff now brings this action, to recover on the note executed by McDonough to Palm, as above specified, on the theory that the Gurnett Brothers assumed and agreed to pay said note, and asks judgment against the defendants for the amount due thereon. Just what became of McDonough as a defendant herein is not quite clear from the record. It is stated in one place that default was entered against him, and at another, that the case was continued as to him. We give no further attention to McDonough as a defendant.

Defendants' answer was a general denial, and they further

plead the written release above referred to, as a complete defense. Plaintiff replied to the affirmative defense of the defendants, pleading an estoppel, and that said release from McDonough to Gurnett Brothers was without consideration, and that the defendants have accepted the benefits of the deed referred to in plaintiff's petition, and are estopped from claiming any benefit from any release signed by McDonough; further, that plaintiff relied upon the deed accepted by the defendants from McDonough, and purchased the mortgage and note sued upon prior to the execution of the alleged release by defendant McDonough.

At the close of plaintiff's testimony, and also at the close of all of the evidence, the defendants made a motion for a directed verdict because plaintiff neither pleaded nor proved any consideration obligating the Gurnetts for the performance of the mortgage-assumption clause. This question was raised several times later in the case.

Turning to the instructions in the case, we find that there was, in reality, but one question submitted to the jury:

"Did this plaintiff, prior to the execution and delivery of the instrument Exhibit 1, by defendant McDonough to defendants Gurnett, accept and rely upon or act upon the provision in the deed Exhibit A, whereby the defendants Gurnett assumed and agreed to pay the note in question? If you find that it did, then the instrument Exhibit 1 constitutes no defense to this action, and the plaintiff would be entitled to recover against defendants Gurnett on the note in question. But unless you find that plaintiff bank did accept and rely upon or act upon said provision in the deed Exhibit A, prior to the execution and delivery of Exhibit 1 to defendants Gurnett, then said instrument constitutes a complete defense to any liability of defendants Gurnett on said note, and in such case your verdict should be for defendants."

It is apparent from this and the other instructions that the court wholly ignored the question raised by the defendants of want of pleading or proof of a consideration for the assumption clause in the deed.

The complaint lodged against the plaintiff's petition, that it does not sufficiently allege the consideration for the assumption agreement, is not well taken, under what we said in *Sheley v.*

*Engle,* 204 Iowa 1283. We have, then, a situation wherein the plaintiff has alleged consideration for this assumption clause, and in which defendants have filed a general denial. The issue thus made casts the burden upon plaintiff to make a prima-facie showing of consideration under the allegations of its petition, as required in the case of *Snyder v. Sargeant,* 197 Iowa 475. The question we have left, therefore, is whether or not, under the showing made by the plaintiff herein, it had any evidence, or sufficient evidence, to carry this question of want of consideration to the jury. No oral testimony was introduced on this proposition, and defendants insist that, under the rule laid down in the *Snyder* case, and also in the *Sheley* case, supra, the plaintiff has not made out a case to go to the jury. A reference to the opinion in the *Snyder* case, however, shows that the clause in the deed there in litigation does not correspond with the clause in the deed in the case at bar: In the instant case, part of the deed reads as follows:

"Frank J. McDonough * * * does covenant with the said parties * * * that he is well seized in fee of the land and premises aforesaid and has good right to sell and convey the same * * * and that the same are free from all incumbrances except mortgages aggregating $18,837 which the said second party assumes and agrees to pay as a part of the consideration hereof together with interest," etc.

That both parties to an instrument of this character are bound by the recited consideration was determined by this court in *Dimmitt v. Johnson,* 199 Iowa 966. The case of *Sheley v. Engle,* above referred to, relied upon by the defendants, is not decisive of the question before us. The case in its ultimate decision is made to rest upon the proposition that the evidence showed an actual consideration for the assumption clause. The particular phase of the deed on which we determine this case seems not to have been considered in the *Sheley* case. The deed from which the above is an extract was introduced in evidence, and it contains the recitation, among others, that the assumption of these mortgages is a part of the consideration in the deed. What more satisfying evidence could be furnished than this writing, which, although not signed by the defendants, was accepted by them? They took possession of the property thereunder, occupied and used the same, paid the interest to plaintiff

for four different years, and allege, for a consideration secured from McDonough, a purported release from his liability under the assumption clause of the deed.

It is our conclusion, under these facts, that plaintiff made a prima-facie case, under its pleadings, sufficient to carry the case to the jury on this question.

The defendants introduced no evidence whatever on this question, and acting thereon, the court said to the jury:

"You are instructed that, under the provisions of the deed, if nothing further was shown, the defendant Gurnett, and each of them, would be personally liable to the plaintiff for the payment of the note in suit."

As stated, the defendants failed to adduce any evidence whatever on the proposition; hence nothing further was shown, and the instruction in fact amounts to a peremptory instruction that, as a matter of law, defendants would be personally liable on the assumption clause. The court then instructed on the release and its validity, and in substance said that, if the release were not found by the jury to be valid, then the verdict should be for the plaintiff. The verdict of the jury was in favor of plaintiff; hence they must have found that the release was no defense to the action.

We find no error in the case.—*Affirmed.*

STEVENS, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.