SARAH E. PEILECKE, Appellant, v. E. P. CARTWRIGHT et al., Defendants; CLARENCE KEENEY et al., Appellees.

No. 41002.

OCTOBER 27, 1931.

O. C. Brown, for appellant.

F. P. Henderson, for defendants E. P. and Della A. Cartwright.

W. M. Wilson, for appellee John Schimelfenig.

John C. Wooden, for Clarence Keeney, appellee.

Watson & Watson, for F. C. Sigler, appellee.

KINDIG, J.—E. P. Cartwright and Della A. Cartwright, defendants above-named, on February 17, 1920, owned 120 acres of land in Warren County. On that date they executed to the plaintiff-appellant, Sarah E. Peilecke, a note for $19,000 bearing five per cent interest. To secure that note, the Cartwrights also executed to the appellant a mortgage on the aforesaid real estate. Prior thereto, but while the note and mortgage were contemplated by an agreement between the appellant and the Cartwrights, the latter, in August, 1919, sold to the defendants and appellees, Clarence Keeney and F. C. Sigler, the mortgaged farm under a written contract likewise contemplating the mortgage.

Subsequently, but before March 1, 1920, this contract was assigned by appellees, Keeney and Sigler, to the defendant, John Schimelfenig. This contract was afterwards lost and therefore a controversy arose, during the trial in the district court, concerning the contents of the agreement.

Following the receipt of the note and mortgage by appellant on February 17, 1920, the Cartwrights, in accordance with the written contract, conveyed by warranty deed the mortgaged premises to the appellees, Keeney and Sigler. Contained in the deed was the following clause:

"Subject to a mortgage of $19,000.00 covering said land which grantees (appellees, Keeney and Sigler) assume and agree to pay with interest from March 1st, 1920."

On February 24, 1920, the appellees, Keeney and Sigler, by another warranty deed, conveyed the premises to the defendant, John Schimelfenig, in accordance with the assignment aforesaid.

In the Schimelfenig deed the mortgage was mentioned, but there was no assumption clause. Appellant, as explained in the preliminary statement now seeks to foreclose the mortgage and hold appellees, Keeney and Sigler, on the assumption clause. As further said in the preliminary statement, two defenses are interposed by the appellees, Keeney and Sigler. They are: First, that the assumption clause in their deed is an error and should be removed by reforming the instrument; and, second, that there is in no event a consideration for the assumption clause. The district court allowed the reformation and removed the clause.

Complaint of that action is made by the appellant on the theory that there was a consideration and that reformation should not be allowed. No appeal is taken by the defendants, the Cartwrights, or the defendant Schimelfenig. Hereafter, for brevity, the defendants, Keeney and Sigler, will be referred to as the appellees.

 I. Are the appellees entitled to a reformation of the deed, as allowed by the district court? Manifestly not, for the reason that they have not produced clear, satisfactory, and convincing evidence that the assumption clause was inserted in the deed through mutual mistake or fraud. There is no evidence whatsoever of fraud. Consequently, if the reformation were to be allowed, it would necessarily have to be upon the basis of mutual mistake. Whatever evidence there may be of a mutual mistake in the premises must be predicated upon the fact that the contract between the Cartwrights and appellees did not contain a provision requiring an assumption clause in the deed. It appears that this contract between the Cartwrights and appellees, which was assigned to the defendant Schimelfenig, has been lost. An attempt was made by appellees to prove the contents thereof by oral testimony. Their attempt in this regard was not sufficient because their proof is not clear, positive, convincing, and satisfactory. Cleophas v. Walker, 211 Iowa 122.

Appellees, it is true, by way of conclusion asserted that the assumption clause was not required by the contract. But on the other hand, the defendant, E. P. Cartwright, likewise contended that the provision was embodied in the agreement. Neither Cartwright, nor the appellees, purported to restate the language or phraseology of the contract. This testimony was entirely in the nature of conclusions. Furthermore, when the facts and

circumstances are considered, uncertainty still remains. For instance, it is argued by appellant that Cartwright, being obligated on the notes, naturally would require appellees to assume the indebtedness. Likewise, if appellant's theory is true, appellees were obligated under the assumption clause, and on the same basis they would be prompted to require such clause in their deed to the defendant, Schimelfenig. Yet, as before explained, no such provision was inserted in that deed. Again, it is maintained by appellant that the assumption clause must have been authorized in appellees' deed for the reason that they accepted the same without protest. Under the record, however, it does not appear that either of the appellees ever saw the deed with the assumption clause, or had any information concerning its provisions.

Some support is afforded appellees' position, because under the assigned contract they required no assumption clause in the defendant, Schimelfenig's deed; that is to say, if the contract required an assumption clause in the deed from the Cartwrights to appellees, why would not the same contract demand such provision in the deed from appellees to the defendant, Schimelfenig? On the other hand, the Cartwrights, appellees, and the defendant, Schimelfenig, met in Indianola on the day the deeds were executed for the purpose of closing the transactions under the contract and the assignment. Apparently it was contemplated by the appellees and the defendant, Schimelfenig, that one deed only would be required. These parties originally intended to have the Cartwrights deed directly to the defendant, Schimelfenig. Because of some reason, however, they were compelled to change their plans, and, as before explained, the deed was given by the Cartwrights to the appellees and they in turn executed another deed to the defendant, Schimelfenig. Why did appellees and the defendant, Schimelfenig, change their minds in reference to having Cartwrights deed directly to the latter? May it not have been because there was to be an assumption clause in appellee's deed and no such provision in Schimelfenig's deed? Confusion arises, therefore, concerning the provisions of the contract between the Cartwrights and appellees regarding the assumption clause.

Before appellees are entitled to a reformation, their evidence of the mutual mistake must be clear, satisfactory, and

convincing. Rankin v. Taylor, 204 Iowa 384; Scovel v. Gauley, 209 Iowa 1100; Hubbard Grain Co. v. Western Grain Dealers M. F. Ins. Co., 199 Iowa 1160; Haugh v. Lanz, 187 Iowa 841; Taylor v. Lindenmann, 211 Iowa 1122. Appellees did not furnish such proof. Having failed to meet the burden of proof cast upon them, the appellees were not entitled to a reformation, and the district court should not have allowed such relief. By so concluding, we do not hold or suggest that it was necessary for appellees to ask for reformation in order to attack the consideration. Undoubtedly they could have pleaded no consideration and proved it by a preponderance of evidence without asking for and obtaining a reformation, but they did pray for a reformation. Accordingly the district court reformed the instrument. Therefore it is upon such basis that we above discussed the subject matter.

II. Notwithstanding the fact that appellees are not entitled to a reformation, it does not necessarily follow that judgment must be entered against them under the assumption clause. Such assumption clause, of course, must be supported by a consideration. Peters v. Goodrich, 192 Iowa 790.

If, in the original contract between the Cartwrights and appellees, there was no provision contemplating an assumption clause in the deed, no consideration, of course, would exist, for the aforesaid preliminary agreement is the only basis contended for such consideration. Appellant does not pretend that a consideration arose other than through the agreement between the Cartwrights and appellees. In Peters v. Goodrich (192 Iowa 790), supra, we approved the following quotation from Bull v. Titsworth, 29 N. J. Eq. 73:

" 'A mortgagee can derive no advantage from a covenant of assumption in a deed, if the covenant be invalid between the parties to the deed—e.g., where there was no agreement for assumption and though the deed contained the covenant * * *.' "

Had the Cartwrights and appellees intended that the land should be conveyed subject to the mortgage without the assumption clause, that agreement would be valid and binding. Shult v. Doyle, 200 Iowa 1. So unless the Cartwrights and appellees in the above-named original contract contemplated an assumption clause, there would be no consideration for such

clause in the deed. Peters v. Goodrich, (192 Iowa 790), supra. The existence of the assumption clause in the deed in and of itself does not amount to an agreement based upon a consideration, if in fact the contract on which the deed is based did not contemplate such provision. Snyder v. Sargeant, 197 Iowa 475.

Contained in appellant's petition is an allegation suggesting that the consideration for the assumption clause was the provision of the contract between the Cartwrights and appellees. That allegation was denied by appellees, and they further asserted that no consideration whatsoever existed for the assumption clause. Necessarily, then, the burden of proving a consideration for the clause was thereby imposed upon appellant. Snyder v. Sargeant, (197 Iowa 475), supra. Section 9440 of the 1931 Code provides:

"All contracts in writing, signed by the party to be bound or by his authorized agent or attorney, shall import a consideration."

A similar provision was contained in the 1927 Code. Notwithstanding the statutory declaration, it was necessary for appellant to furnish proof of the consideration because appellees by themselves, through their agents or attorney, did not sign the deed containing the assumption clause. Snyder v. Sargeant, (197 Iowa 475), supra; Sheley v. Engle, 204 Iowa 1283, 1284.

In First National Bank v. McDonough, 205 Iowa 1329, it is held that an agreement to assume a mortgage may be proven by facts and circumstances. There, however, the assumption clause specifically stated that the assumption of the mortgage was a part of the consideration for the deed. So, too, the person receiving the deed took possession of the land, paid interest on the mortgage, etc. The deed in the case at bar, on the other hand, contains no statement that the assumption of the mortgage was a part of the consideration. Appellees did not take actual possession of the land, nor did they, so far as shown by the record, ever see the clause in the deed. Moreover, appellees paid no part of the mortgage, or any interest thereon. Under these circumstances there is no evidence of consideration for the assumption clause, so far as the deed is concerned. Therefore the First National Bank case, supra, is distinguishable because of these facts.

Appellant, in addition to introducing the deed into evidence, attempted, as discussed under Division I of this opinion, to prove that the contract between the Cartwrights and appellees provided for the assumption clause, but, as before seen, that evidence is hopelessly conflicting. What quantum of evidence is required here? Manifestly, (aside from establishing the contents of the lost instrument by sufficient proof) a preponderance thereof only as distinguished from that which is clear, satisfactory, and convincing, required for reformation. A preponderance of evidence, as seen by Rankin v. Taylor (204 Iowa 384), supra, is not enough to warrant a reformation; yet such preponderance alone is sufficient to support the issue of consideration. The preponderance of evidence rule, therefore, applies to the issue involving consideration. After carefully studying the evidence here, however, it appears that appellant has not met the burden of proof relating to consideration, because the evidence does not preponderate in her favor. No consideration, therefore, has been shown for the assumption clause. Without a consideration it has no existence, and consequently is a nullity. Resultantly, the district court properly refused to give appellant judgment against the appellees.

III. But appellant insists that the appellees are estopped from denying their liability under the assumption clause for the reason that they accepted the deed containing such provision. Estoppel, however, is not pleaded by appellant. Anyway, there is no showing that appellees ever saw the deed, because they were principally interested in turning the property over to the defendant, Schimelfenig. Due to this record, appellees are not estopped from denying their liability on the note. Peters v. Goodrich, (192 Iowa 790), supra.

Wherefore, the judgment and decree of the district court is modified by denying the reformation above discussed, but otherwise the same is affirmed.—Modified and affirmed.

FAVILLE, C. J., and EVANS, MORLING and GRIMM, JJ., concur.